BILLY AND LEO, LLC *v.* GREGORY MICHAELIDIS
(AC 24943)

Lavery, C. J., and Schaller and Bishop, Js.

---

§ 46b-84 (d)"; id., 3 n.3; thus, suggesting, by implication, that the award of the right is akin to child support.

Argued November 18, 2004—officially released March 1, 2005

*Julia B. Morris*, with whom, on the brief, was *Stephen J. Sinatro*, for the appellant (plaintiff).

*Kari L. Olson*, with whom was *Robert E. Kaelin*, for the appellee (defendant).

LAVERY, C. J. The plaintiff, Billy & Leo, LLC, appeals from the judgment of the trial court rendered in favor of the defendant, Gregory Michaelidis, after a trial to the court. On appeal, the plaintiff claims that the court improperly denied its motion to amend the complaint and should have considered evidence supporting a promissory estoppel claim. We affirm the judgment of the trial court.

On September 1, 1999, the plaintiff and the defendant entered into a purchase and sale agreement for the business known as Brooklyn Pizza. They also entered into a written lease agreement regarding the place of business, in which the parties agreed that the plaintiff would have the option to buy the leased property from the defendant under certain conditions. The option stated that "[t]he [plaintiff] shall have the option to buy the demised premises within two years from the date of this lease for a purchase price of One Hundred Seventy-five Thousand and 00/100 ($175,000.00) Dollars. *The [plaintiff] must notify the [defendant] of its intention to do so in writing by no later than April 1, 2001 and shall close on the same by June 1, 2001, unless agreed to in writing by the parties hereto.*" (Emphasis added.)

A legal action for specific performance of the option in the lease agreement was commenced in February, 2003. The single count complaint alleged: "1. On or about September 1, 1999, the Plaintiff entered into a written Lease Agreement with the Defendant in which the Defendant was the Landlord and the Plaintiff was the Tenant for the use and occupancy of premises known as 109 Hartford Road, Brooklyn, CT, for a period of five years, plus two five year options. 2. Said Lease Agreement also gave the Plaintiff the right to purchase the premises for $175,000.00 by exercising an option to

do so by April 1, 2001. 3. In January of 2001, Plaintiff exercised its option to purchase the premises. 4. Despite demand, the Defendant refuses to convey the premises."

On October 31, 2003, the defendant's counsel received the plaintiff's motion for leave to amend the original complaint. The proposed amended complaint added a second count alleging a claim of promissory estoppel. That count was based on breaches of alleged oral modifications to the contract and partial performance in compliance with the modified contract. On November 3, 2003, the defendant filed an objection to the motion to amend. The court heard arguments on November 4, 2003. Noting the date that the lawsuit commenced and the date on which the defendant was notified, the court denied the motion to amend. The court specifically stated: "I guess I am inclined to deny your request to amend the complaint . . . based upon a number of things. . . . It was filed a day or two days before the trial. I think it would create a prejudice to the defendant in the preparation of the case. I'm not inclined to continue the trial, since I've got this scheduled and I'm ready to proceed today. . . . [T]he trial will have to go forward on the original complaint. And if [the complaint is] broad enough, as you claim it is, then maybe you'll get the information in that you need to prove your case. I don't know about that. But I think that at this point, the court is going to deny the motion to amend. I think it injects some new issues, potentially, into the file that I don't think is appropriate to expand at this late date." The trial proceeded on the merits. On December 4, 2003, the court rendered its decision in favor of the defendant. The plaintiff now appeals.

The plaintiff claims that the court improperly denied its motion to amend its complaint because the amended complaint did not allege a new cause of action, and the defendant already was on notice of the nature and

extent of the claims. It also contends that evidence relating to the amended complaint should have been considered by the court. We disagree.

We first set forth our standard of review. "Our standard of review of the [plaintiff's] claim is well defined. A trial court's ruling on a motion of a party to amend its complaint will be disturbed only on the showing of a clear abuse of discretion. . . . Whether to allow an amendment is a matter left to the sound discretion of the trial court. [An appellate] court will not disturb a trial court's ruling on a proposed amendment unless there has been a clear abuse of that discretion. . . . It is the [plaintiff's] burden in this case to demonstrate that the trial court clearly abused its discretion. . . .

"A trial court may allow, in its discretion, an amendment to pleadings before, during, or after trial to conform to the proof. . . . Factors to be considered in passing on a motion to amend are the length of the delay, fairness to the opposing parties and the negligence, if any, of the party offering the amendment. . . . The essential tests are whether the ruling of the court will work an injustice to either the plaintiff or the defendant and whether the granting of the motion will unduly delay a trial." (Citations omitted; internal quotation marks omitted.) *Franc* v. *Bethel Holding Co.*, 73 Conn. App. 114, 132, 807 A.2d 519, cert. granted on other grounds, 262 Conn. 923, 812 A.2d 864 (2002) (appeal withdrawn October 21, 2003).

The plaintiff argues that in adding allegations of estoppel, it was not raising a new cause of action. We disagree. "In an amended complaint, [i]t is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same, but where an entirely new and different factual situation is presented, a new and different cause of action is stated. . . . A cause of action is that single group of

facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief." (Citation omitted; internal quotation marks omitted.) Id., 132–33.

Here, although both the plaintiff's complaint and amended complaint alleged causes of action relating to the sale of the leased property, the amended complaint arose out of a different set of facts. The original complaint was grounded in breach of a written contract between the parties. In contrast, the new allegation in the amended complaint was a claim of promissory estoppel resulting from the alleged breach of oral modifications to the contract and partial performance in compliance with the modified contract. Therefore, the amended complaint did not relate back to the original complaint and required evidence of a different factual situation.

The plaintiff also contends that the defendant was on notice of the new allegation because of testimony brought out in a prejudgment remedy hearing. We disagree. The fact that a court allowed testimony outside of the complaint to be heard at a prejudgment remedy hearing does not put a defendant on notice that such information will be allowed at trial. Although such testimony may bolster allegations already contained in the original complaint, it cannot be the sole factor constituting notice to the defendant of a new cause of action.

Additionally, "[b]elated amendments to the pleadings are allowed except where the amendment will cause an unreasonable delay, mislead the opposing party, take unfair advantage of the opposing party or confuse the issues." *In re Lori Beth D.*, 21 Conn. App. 226, 232, 572 A.2d 1027 (1990). As noted by the court, the plaintiff filed the motion to amend only a day or two before the trial was to commence, and such a late amendment would have prejudiced the defendant in his case. We

can find no reason to conclude that the court abused its discretion in making that ruling.

Even if we were to assume that the court improperly denied the plaintiff's motion to amend its complaint and refused to allow evidence of oral modifications and partial performance by the plaintiff, we have determined that no harm resulted. "[C]ontracting parties are free to impose conditions upon contractual liability." (Internal quotation marks omitted.) *John T. Brady & Co.* v. *Stamford,* 220 Conn. 432, 449–50, 599 A.2d 370 (1991). That is precisely what the parties did here. The contract created by the parties specifically stated that "[t]he [plaintiff] must notify the [defendant] of its intention to [exercise the option to buy] *in writing* by no later than April 1, 2001 and shall close on the same by June 1, 2001, *unless agreed to in writing* by the parties hereto." (Emphasis added.) "Where the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms." (Internal quotation marks omitted.) *Niehaus* v. *Cowles Business Media, Inc.,* 263 Conn. 178, 188, 819 A.2d 765 (2003). The parties negotiated the contract and included clear language that the option to buy or any modifications to the option must be made in writing. As found by the court, "[the plaintiff] never, at any time, notified the defendant landlord in writing, in accordance with paragraph thirty of the lease, that the plaintiff intended to exercise its option to purchase the premises. . . . Even if [conversations creating oral modifications] had taken place, they would not be an effective exercise of the option rights created by the lease." We agree with the court's reasoning. Moreover, the court did hear testimony regarding the oral modifications and found that "[u]ltimately, no agreements were reached orally, or in writing, modifying the express written terms of the option rights contained in the lease. There was no meeting of the minds."

The plaintiff also asserts that it is entitled to specific performance because it made two partial payments to the defendant, and such partial performance satisfies an exception to the statute of frauds. As previously discussed, the writing requirement was created by the parties. Therefore, a statute of frauds exception could not nullify the parties' intent to require such an act. In this case, the plaintiff at no time fulfilled the requirement by expressing in writing its intent to exercise the option, a condition precedent to the sale of the property.

Furthermore, "[a] buyer seeking specific performance must prove that he was ready, willing and able to purchase the property. . . . A buyer must prove his financial ability to go forward even when a seller entirely refuses to participate in a closing. . . . Whether a buyer has the requisite financial ability is a question of fact." (Citations omitted; internal quotation marks omitted.) *Steiner* v. *Bran Park Associates*, 216 Conn. 419, 423–24, 582 A.2d 173 (1990). Although the plaintiff offered proof of a loan approval and cash deposits, those were all obtained after the date specified in the written contract and did not total the full option price. As found by the court, "[t]here was no evidence that the plaintiff was ready, willing or able to complete the transaction as of June 1, 2001." Therefore, the plaintiff was not entitled to specific performance.

The judgment is affirmed.

In this opinion the other judges concurred.