DIANE JACOB *v.* DOMETIC ORIGO AB ET AL.
(AC 26784)

Flynn, C. J., and Gruendel and Berdon, Js.

Argued September 12, 2006—officially released March 20, 2007

*William F. Gallagher*, with whom, on the brief, was *Hugh D. Hughes*, for the appellant (plaintiff).

*Kenneth D. Heath*, with whom were *Aaron S. Bayer* and, on the brief, *Jeremy G. Zimmermann*, for the appellees (defendants).

*Opinion*

BERDON, J. The plaintiff, Diane Jacob, appeals from the judgment of the trial court denying her motion to amend her complaint and granting the motion for summary judgment filed by the defendants, Dometic AB and Dometic Origo AB. On appeal, the plaintiff claims that the court improperly (1) denied her motion to amend the complaint and (2) granted the defendants' motion for summary judgment. We agree and therefore reverse the judgment of the trial court.

The following facts are relevant to the resolution of the plaintiff's appeal. On September 4, 1999, the plaintiff was injured by a fire that resulted from the use of an Origo 6000 alcohol stove on her friend's boat. On or about July 14, 2004, the plaintiff commenced this action[1] by filing a complaint alleging that the defendants manufactured the stove and are therefore responsible for her injuries pursuant to the Connecticut Product Liability Act (act), General Statutes § 52-572m et seq., because of the failure to warn of the dangers of refueling the stove.[2]

On February 15, 2005, the defendants filed a motion for summary judgment.[3] Under the court's scheduling

[1] The case was transferred to the complex litigation docket on October 4, 2004.

[2] The present action is the second time the plaintiff has filed an action on the basis of these injuries. On August 30, 2002, the plaintiff filed an action against Intercon Marketing, Inc. (Intercon), alleging that Intercon, as the exclusive sales agent for Origo brand appliances, was liable for the plaintiff's injuries under the act. During discovery, it was determined that Intercon had not sold the stove that caused her injuries. Intercon began selling Origo stoves in 1993. The stove at issue was sold by Origo USA, Inc., in 1983 or 1984.

Between 1983 and the filing of the original action against Intercon on August 30, 2002, a series of transactions transferred ownership of the sales and manufacture of Origo stoves among several corporate entities. The result is that Intercon is currently the exclusive sales agent for Origo stoves in the United States, and the defendants are now the sole owners of the Origo brand. On the basis of this information, the plaintiff conceded that she was unable to show that Intercon sold the stove that caused her injuries, and the court rendered summary judgment in favor of Intercon on September 3, 2003.

[3] The defendants' motion for summary judgment alleged that the plaintiff's claim was barred by the statute of limitations. A product liability claim must be brought within three years from the date the injury is first sustained or discovered. General Statutes § 52-577a (a). Here, the statute of limitations for filing a product liability action had run, but the plaintiff brought the action pursuant to General Statutes § 52-593, which authorizes an action against the correct defendant within one year after the judgment in an action brought against the wrong defendant.

The defendants argued that § 52-593 did not apply to the plaintiff's claim. The court never addressed this argument, the defendants' only stated ground for summary judgment. Because the trial court did not reach this claim, we do not reach it here. See *Leydon* v. *Greenwich*, 57 Conn. App. 712, 727, 750 A.2d 1122 (2000), rev'd in part on other grounds, 257 Conn. 318, 777 A.2d 552 (2001).

order, the plaintiff's memorandum of law opposing summary judgment was due by March 15, 2005, but she did not file it until April 1, 2005, two days after the court inquired about its absence. At oral argument on the issue of summary judgment, the plaintiff filed a motion to amend the complaint to include a successor liability claim alleging that the defendants are corporate successors in liability to the actual product manufacturer. The court denied the plaintiff's motion to amend the complaint and rendered summary judgment in favor of the defendants. The court stated that the proposed amendment alleged a new cause of action that did not relate back to the claims pleaded in the original July, 2004 complaint,[4] and, therefore, the amendment would violate the statute of limitations. Further, the court stated that the plaintiff's negligence in prosecuting the case was an additional reason to deny the motion to amend. The court rendered summary judgment in favor of the defendants because, absent the amended complaint, the plaintiff's pleadings did not raise the issue of successor liability, which might have precluded summary judgment. This appeal followed.

We first set forth our standard of review. "A trial court's ruling on a motion of a party to amend its complaint will be disturbed only on the showing of a clear abuse of discretion. . . . Whether to allow an amendment is a matter left to the sound discretion of the trial court. [An appellate] court will not disturb a trial court's ruling on a proposed amendment unless there has been a clear abuse of that discretion." (Internal quotation marks omitted.) *Billy & Leo, LLC* v. *Michaelidis*, 87

---

[4] "Our relation back doctrine provides that an amendment relates back when the original complaint has given the party fair notice that a claim is being asserted stemming from a particular transaction or occurrence, thereby serving the objectives of our statute of limitations, namely, to protect parties from having to defend against stale claims." (Internal quotation marks omitted.) *Alswanger* v. *Smego*, 257 Conn. 58, 65, 776 A.2d 444 (2001).

Conn. App. 710, 714, 867 A.2d 119 (2005). "The discretion, however, is a legal discretion and is subject to review. To justify a refusal to allow an amendment, it must appear that there was some sound reason for the trial court's exercise of its discretion in that manner." *Cook* v. *Lawlor*, 139 Conn. 68, 71, 90 A.2d 164 (1952). "Factors to be considered in passing on a motion to amend are the length of the delay, fairness to the opposing parties and the negligence, if any, of the party offering the amendment. . . . The essential tests are whether the ruling of the court will work an injustice to either the plaintiff or the defendant and whether the granting of the motion will unduly delay a trial." (Internal quotation marks omitted.) *Billy & Leo, LLC* v. *Michaelidis,* supra, 714. "In the interest of justice courts are liberal in permitting amendments; unless there is a sound reason, refusal to allow an amendment is an abuse of discretion." *Tedesco* v. *Julius C. Pagano, Inc.,* 182 Conn. 339, 341, 438 A.2d 95 (1980); see *Dunnett* v. *Thornton,* 73 Conn. 1, 10, 46 A. 158 (1900).

Here, the court relied on two reasons not to allow the proposed amendment. First, the court stated that the successor liability claim in the proposed amended complaint would not relate back to the original complaint, and, therefore, the claim would be untimely. In making the determination, the court refused to consider the plaintiff's memorandum of law because it was not filed in accordance with the scheduling order of the court, requiring opposition to the defendants' motion for summary judgment to be filed by March 15, 2005. The plaintiff's memorandum of law was filed on April 1, 2005, however, within the time limits allowed by Practice Book § 17-45, which requires opposition papers to be filed five days before the motion was to be considered, which was on May 2, 2005.[5] Accordingly,

[5] Whether the scheduling order issued by the trial judge can take precedence over the rules of practice adopted by the judges of the Superior Court need not be decided in the case. Not only was the plaintiff's memorandum

whether the proposed amended complaint satisfies the relation back doctrine is an issue that should be considered on remand, taking into account the plaintiff's opposing memorandum of law, which was not considered by the trial court.[6]

As a second reason for denying the motion to amend the complaint, the court held that the plaintiff was negligent in prosecuting the claim. We disagree that this would be a sufficient reason under the facts of this case.

"The purpose of the statute [now General Statutes § 52-130][7] allowing amendment of pleadings is to

of law filed in accordance with the direction of the clerk of the court, but the delay in filing, in comparison to the established trial date of June, 2005, was minuscule.

[6] The plaintiff opposed summary judgment in her April 1, 2005 memorandum of law. In opposition to the only ground for summary judgment that the defendants alleged, she argued that General Statutes § 52-593 should extend the statute of limitations in this case. See footnote 2. The plaintiff based her argument, in part, on the fact that the defendants were successors in liability to the company that manufactured the stove that caused the injuries, and the plaintiff stated that her original complaint alleged successor liability.

On April 15, 2005, the defendants filed a reply memorandum in support of their motion for summary judgment. In that reply, they argued that the plaintiff had not adequately alleged successor liability in her complaint. Further, they argued preemptively that an attempt to amend the complaint would be untimely and should not relate back to the date of the original complaint.

The plaintiff's memorandum in opposition, therefore, did not address the relation back issue because it had not been raised when the memorandum was filed. Nonetheless, it was the plaintiff's only opportunity to oppose summary judgment in writing. The court should have had the benefit of the plaintiff's arguments on the issue of successor liability.

[7] General Statutes § 52-130 provides: "Parties may amend any defect, mistake or informality in the pleadings or other parts of the record or proceedings. When either party supposes that in any part of the pleadings he has missed the ground of his plea, and that he can plead a different plea that will save him in his cause, he may change his plea, answer, replication or rejoinder, as the case may be, and plead anew, and the other party shall have reasonable time to answer the same; and, in any case when a party amends or alters any part of the pleadings or pleads anew, if it occasions any delay in the trial or inconvenience to the other party, he shall be liable to pay costs at the discretion of the court. Any court may restrain the

accomplish justice. In exercising its discretion with reference to a motion for leave to amend, a court should ordinarily be guided by its determination of the question whether the greater injustice will be done to the mover by denying him his day in court on the subject matter of the proposed amendment or to his adversary by granting the motion, with the resultant delay." *Cook* v. *Lawlor*, supra, 139 Conn. 72. "The essential tests are whether the ruling of the court will work an injustice to either the plaintiff or the defendant and whether the granting of the motion will unduly delay a trial." (Internal quotation marks omitted.) *Billy & Leo, LLC* v. *Michaelidis*, supra, 87 Conn. App. 714.

In the present case, the court stated several reasons why the plaintiff was negligent in prosecuting the claim. The plaintiff filed a late memorandum of law opposing the motion for summary judgment, did not file the original claim until just before the expiration of the statute of limitations, named the wrong seller in the initial action, refiled the action naming parties that were neither the seller nor the manufacturer and failed to include any allegations that the defendants were successors in liability to either the seller or manufacturer.

We conclude that these stated reasons do not constitute negligent prosecution. It is true that at the time the motion to amend the pleadings was filed, the case had been pending in some form for more than five years. In these circumstances, such lapse in time is not, standing alone, negligent prosecution of the claim. In *Cook* v. *Lawlor*, supra, 139 Conn. 72, our Supreme Court stated: "If, after that lapse of time, the amendment had been presented during the trial of the case or even upon the eve of trial, the fact that a further delay of the trial

amendment or alteration of pleadings, so far as may be necessary to compel the parties to join issue in a reasonable time for trial."

would have resulted from its allowance might well have supported its denial in the court's discretion." The present case was not scheduled for trial until nearly three months after the amendment was offered. The defendants, therefore, had ample time to address the issue of successor liability.[8]

The plaintiff's claim of successor liability was an essential element of her product liability claim. Without the amendment, the defendants had a complete defense based on a narrow reading of the complaint that successor liability was not alleged. The harm done to the plaintiff by the denial of her motion far outweighed any possible inconvenience to the defendants or potential delay. See id., 73. Although the plaintiff may have been delinquent in filing her memorandum of law opposing summary judgment and brought this motion for leave to amend the complaint after the time for pleadings had closed, no significant injustice or prejudice worked against the defendants. We hold that the denial of the motion to amend the complaint was an abuse of the court's discretion.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.[9]

In this opinion the other judges concurred.

---

[8] Furthermore, the defendants were put on notice of the issue of successor liability when the plaintiff alleged in paragraph one of her complaint the following: "At all times mentioned herein the defendant Dometic Origo AB, *or the successor in liability to such manufacturer*, was the manufacturer of Origo brand appliances including alcohol stoves and ranges." (Emphasis added.)

[9] Although the court, in dicta, stated that the "proposed amendment does not relate back to the original complaint," we do not reach this issue. The court, in the first instance, should be given an opportunity to rule on the issue after it has the benefit of the attorneys' arguments as well as the written arguments and claims.