******************************************************

The ''officially released'' date that appears near the be-
ginning of each opinion is the date the opinion will be pub-
lished in the Connecticut Law Journal or the date it was
released as a slip opinion. The operative date for the be-
ginning of all time periods for filing postopinion motions
and petitions for certification is the ''officially released''
date appearing in the opinion.

All opinions are subject to modification and technical
correction prior to official publication in the Connecticut
Reports and Connecticut Appellate Reports. In the event of
discrepancies between the advance release version of an
opinion and the latest version appearing in the Connecticut
Law Journal and subsequently in the Connecticut Reports
or Connecticut Appellate Reports, the latest version is to
be considered authoritative.

The syllabus and procedural history accompanying the
opinion as it appears in the Connecticut Law Journal and
bound volumes of official reports are copyrighted by the
Secretary of the State, State of Connecticut, and may not
be reproduced and distributed without the express written
permission of the Commission on Official Legal Publica-
tions, Judicial Branch, State of Connecticut.

******************************************************

KDM SERVICES, LLC *v.* DRVN
ENTERPRISES, INC.
(AC 44243)

Alvord, Moll and Alexander, Js.

*Syllabus*

The plaintiff, which had entered into a written contract in 2014 with the defendant to supply deicing liquid, brought an action alleging, inter alia, that the defendant had breached the contract by failing to pay the plaintiff for services rendered on four occasions in 2018. The defendant filed an answer and special defenses alleging, inter alia, that the contract was satisfied in full prior to the four occasions in question. The trial court rendered judgment in favor of the plaintiff, concluding that, although the parties' written contract had expired, the parties had an implied contract on the basis of their course of dealings over the years since 2014, and the defendant breached that implied contract. Thereafter, the court granted the plaintiff leave to file an amended complaint alleging breach of implied contract, and the defendant appealed. *Held* that the trial court abused its discretion in allowing the plaintiff to amend its complaint after trial to conform to the evidence; although both complaints sought payment for services rendered on specific occasions, the amended complaint alleged an entirely new and different factual situation, as the original complaint was based on the parties' express written contract and sought the outstanding balance allegedly due and the amended complaint alleged an implied contract and sought only the plaintiff's commission, and the defendant was not given the opportunity to defend against the amended complaint by filing amended special defenses, conducting discovery, or calling witnesses at trial to rebut the plaintiff's claim for a commission; accordingly, the defendant was entitled to judgment in its favor.

Argued December 6, 2021—officially released March 8, 2022

*Procedural History*

Action to recover damages for, inter alia, the defendant's alleged breach of contract, and for other relief, brought to the Superior Court in the judicial district of Hartford and tried to the court, *Moukawsher, J.*; judgment for the plaintiff; simultaneously, the court granted the plaintiff leave to file an amended complaint, and the defendant appealed to this court. *Reversed*; *judgment directed.*

*Teresa Capalbo*, with whom was *William S. Shapiro*, for the appellant (defendant).

*Kevin M. Blake*, with whom, on the brief, was *Lee A. Gold*, for the appellee (plaintiff).

*Opinion*

MOLL, J. The defendant, DRVN Enterprises, Inc., appeals from the judgment of the trial court, rendered following a trial to the court, in favor of the plaintiff, KDM Services, LLC, in this action related to the sale and supply of deicing liquid at a property located in New London. On appeal, the defendant claims that the court abused its discretion by allowing the plaintiff to amend its complaint after trial. We agree with the defendant and, accordingly, reverse the judgment of the trial court.

The following procedural history and factual allegations from the original complaint are relevant to this appeal. The plaintiff provides wholesale winter deicing products, ice melt for retail, bulk deicing liquids, and mixing service to treat bulk salt. On September 29, 2014, the parties entered into a written contract (contract) pursuant to which the plaintiff agreed to provide its services to the defendant at 200 State Pier Road in New London.[1] The contract provided that full payment was due within fifteen days of completion of the work. By complaint dated February 11, 2019, the plaintiff brought this action alleging that it had performed services pursuant to the contract on January 3, 7, 9, and 16, 2018. The plaintiff alleged that the defendant had failed to pay the plaintiff for its services and claimed that the defendant had an outstanding balance of $132,459.25. The complaint set forth causes of action for breach of contract, breach of the covenant of good faith and fair dealing, and account stated. Each of the counts exclusively relied on the viability of the contract. The defendant filed an answer and special defenses alleging that (1) the contract was satisfied in full prior to January 1, 2018, (2) the plaintiff provided no services of any kind to the defendant in 2018, and (3) the defendant had provided proof that it had used a different vendor for services in January, 2018, and had paid that vendor for those services.

A trial took place on August 27, 2020. At trial, Karl Westerberg, the owner of the plaintiff, testified that the contract was a "guideline" for the start of the relationship between the parties and that, although the contract had been satisfied in 2014, the plaintiff continued to perform services and receive payment from the defendant in 2015, 2016, and 2017. Westerberg further testified that the plaintiff had performed services for the defendant on January 3, 7, 9, and 15, 2018, but the defendant did not pay the plaintiff for those services.[2]

During closing arguments, counsel for the plaintiff argued that the parties' written agreement was the initial memorialization of the terms of the agreement and that "the plan of the parties was that it would continue until terminated by someone." The defendant countered that the complaint in this action was based on the con-

tract, which had been fulfilled. The trial court, in discussing the issue, stated that "the parties did seem to have, regardless of whether the initial written document was fulfilled—I mean, there isn't a claim here that [the defendant] had an ongoing duty to continue this relationship but that at least the evidence is there was a relationship all the way up to 2017, in which material was supplied and invoices were both rendered and paid from the plaintiff . . . ." Counsel for the plaintiff then stated that, if the court deemed it necessary, the plaintiff would amend the complaint to conform to the evidence.

On August 27, 2020, the court issued a decision in which it concluded that, although the contract had expired, a course of dealing had ensued for several years. The court stated that "[the plaintiff] would buy the liquid from a company called [Millennium Roads, LLC (Millennium)] and Millennium and . . . Westerberg would join Millennium workers in mixing it with the solution at [the defendant's] location . . . . For years, [the plaintiff] billed [the defendant] its costs together with a commission of [thirty-three] cents per gallon, and [the defendant] paid the bills. At some point some of the calls for the liquid were made directly to Millennium. Millennium would alert Westerberg and they would go to the site, do the job, and [the plaintiff] [would] bill [the defendant]. During virtually all of these visits [the defendant's] owner Steven Farrelly was present, and he frequently interacted with Westerberg.

"During those years [the plaintiff] and [the defendant] had an implied contract. Millennium would provide the liquid. [The plaintiff] would bill [the defendant] for it and keep its commission. By course of dealing, a call for the liquid to [the plaintiff] or Millennium implied an agreement to pay the [plaintiff's] invoice, including the [plaintiff's] commission."

Without reference to any particular count and on the basis of an implied contract theory, the court thereafter rendered judgment in favor of the plaintiff in the amount of $24,978.03, representing the commission that the plaintiff claimed it was owed.[3] In its decision, the court also granted the plaintiff permission to amend its complaint to conform to the evidence at trial. Thereafter, on September 3, 2020, the plaintiff filed an amended complaint asserting one count of breach of implied contract. Specifically, the amended complaint alleged that, based on the parties' course of dealing over the prior four years, an implied contract existed that created an expectation of future performance and payment until notice of termination of the agreement was made by either party. The plaintiff further alleged that the defendant had breached this implied contract by refusing to pay for the services rendered by the plaintiff in January, 2018. This appeal followed.

On appeal, the defendant argues that the court abused its discretion in allowing the plaintiff to amend its com-

plaint after trial. The defendant points out that the plaintiff's original complaint alleged causes of action exclusively based on the written contract while the amended complaint alleged a cause of action based on an implied contract and course of dealing. The defendant contends that, by permitting the plaintiff to amend its complaint after trial, the court denied the defendant the opportunity to defend the new cause of action. The plaintiff argues, in response, that the defendant was not surprised or prejudiced by the amendment because in both the original and amended complaints, the plaintiff sought payment for services rendered in 2018. We agree with the defendant.

We first set forth the applicable standard of review. "Whether to allow an amendment is a matter left to the sound discretion of the trial court. [An appellate] court will not disturb a trial court's ruling on a proposed amendment unless there has been a clear abuse of that discretion. . . . It is the [defendant's] burden . . . to demonstrate that the trial court clearly abused its discretion. . . . A trial court may allow, in its discretion, an amendment to pleadings before, during, or after trial to conform to the proof. . . . Factors to be considered in passing on a motion to amend are the length of the delay, fairness to the opposing parties and the negligence, if any, of the party offering the amendment. . . . The essential tests are whether the ruling of the court will work an injustice to either the plaintiff or the defendant and whether the granting of the motion will unduly delay a trial." (Internal quotation marks omitted.) *Fountain Pointe, LLC* v. *Calpitano*, 144 Conn. App. 624, 640, 76 A.3d 636, cert. denied, 310 Conn. 928, 78 A.3d 147 (2013).

"While our courts have been liberal in permitting amendments . . . this liberality has limitations. Amendments should be made seasonally. . . . The motion to amend is addressed to the trial court's discretion which may be exercised to restrain the amendment of pleadings so far as necessary to prevent unreasonable delay of the trial." (Citations omitted; internal quotation marks omitted.) *Farrell* v. *St. Vincent's Hospital*, 203 Conn. 554, 561–62, 525 A.2d 954 (1987). "[I]n exercising their discretion with regard to motions to amend pleadings filed after a judgment has been rendered, trial courts must recognize that such amendments should be permitted sparingly and only when special circumstances exist to warrant them." *Featherston* v. *Katchko & Son Construction Services, Inc.*, 201 Conn. App. 774, 789, 244 A.3d 621 (2020), cert. denied, 336 Conn. 923, 246 A.3d 492 (2021).

In *Billy & Leo, LLC* v. *Michaelidis*, 87 Conn. App. 710, 715, 867 A.2d 119 (2005), an action related to the sale of leased property, the plaintiff's original complaint relied on the alleged breach of a written contract between the parties. The plaintiff filed a request to

amend the complaint just prior to trial to allege promissory estoppel resulting from the breach of oral modifications to the contract and partial performance in compliance with the modified contract. Id. In concluding that the trial court did not abuse its discretion in denying the plaintiff's request to amend its complaint, this court stated that, "[i]n an amended complaint, [i]t is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same, but where an entirely new and different factual situation is presented, a new and different cause of action is stated. . . . A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief." (Internal quotation marks omitted.) Id., 714–15.

Similarly, in *Antonofsky* v. *Goldberg*, 144 Conn. 594, 599, 136 A.2d 338 (1957), our Supreme Court affirmed the decision of the trial court denying the plaintiff permission to amend his complaint, stating that "[w]hile our courts have followed a liberal policy in passing upon claims of variance between pleading and proof, it is still the law that the allegations of the complaint provide the measure of recovery. The plaintiff alleged in his complaint a state of facts and asserted that they spelled out one or more specified acts of negligence which caused his injuries. He sought to recover, however, on proof of materially different facts, on which he asked that the defendant be found guilty of negligent acts not specified in his complaint. The test was whether the variance misled or prejudiced the defendants on the merits of the case."

On the basis of our review of the original and amended complaints in the present case, we conclude that the court abused its discretion when it allowed the plaintiff to amend its complaint after trial to conform to the evidence. Although the original complaint alleged breach of a written contract and sought the outstanding balance of $132,459.25 pursuant to that contract, the amended complaint alleged an implied contract based on the parties' course of dealing and sought the plaintiff's commission of $24,978.03. Although both complaints sought payment for services rendered in January, 2018, the amended complaint alleged "an entirely new and different factual situation" (internal quotation marks omitted); *Billy & Leo, LLC* v. *Michaelidis*, supra, 87 Conn. App. 714; in that the amended complaint sought the plaintiff's commission for services rendered pursuant to an implied contract and course of dealing. An implied contract and course of dealing, however, were not mentioned in the original complaint, as that complaint was based entirely on the parties' express contract. The special defenses asserted by the defendant necessarily were addressed to the original complaint. The defendant was not given the opportunity to

defend against the amended complaint by filing amended special defenses, conducting discovery, or calling witnesses at trial to rebut the plaintiff's claim for a commission. See *AirKaman, Inc.* v. *Groppo*, 221 Conn. 751, 767, 607 A.2d 410 (1992) (trial court did not abuse its discretion by denying request to amend complaint where pleadings had been closed, opposing party had submitted trial brief, and claim would require additional discovery); *Beckman* v. *Jalich Homes, Inc.*, 190 Conn. 299, 303, 460 A.2d 488 (1983) (trial court did not abuse its discretion by denying request to amend that was filed day before trial and would have added new bases of liability). Under these circumstances, we conclude that the court abused its discretion in allowing the plaintiff to amend its complaint after trial to conform to the evidence.

The judgment is reversed and the case is remanded with direction to render judgment for the defendant.

In this opinion the other judges concurred.

[1] The contract provided, in its entirety, as follows:

"Scope of work: [The plaintiff] will provide spraying services to coat 8000 to 10,000 tons of salt located at 200 State Pier Rd in New London, CT as described below.

"1. [The plaintiff] will provide a Pug mill, labor and a stacker for coating.

"2. [The plaintiff] will provide the Safe Melt liquid at a rate of 6 gallons per ton to coat the salt.

"[The defendant] will provide necessary labor and equipment to move salt from storage pile to pug mill.

"Spraying price $1.92 per gallon x 6 gallons per ton = $11.52 a ton

"Terms: Full payment due within 15 days of completion of work."

[2] Westerberg testified that Steven Farrelly, the owner of the defendant, notified him on the evening of January 15, 2018, that he was terminating the parties' agreement. Westerberg sent the plaintiff's final invoice to the defendant on January 16, 2018.

[3] Westerberg acknowledged at trial that the plaintiff was not seeking the original invoice amount of $132,459.25 referenced in the February 11, 2019 complaint.