LAWRENCE C. SHERMAN *v.* EUGENE C.
RONCO ET AL.
(SC 18320)

Rogers, C. J., and Norcott, Katz, Palmer, Zarella and McLachlan, Js.

Argued September 21, 2009—officially released January 26, 2010

*Robert F. Ludgin*, for the appellant (plaintiff).

*Thomas R. Gerarde*, for the appellee (defendant James Ellis).

*Opinion*

McLACHLAN, J. General Statutes § 52-577d allows a person who claims that he or she was sexually abused, exploited or assaulted as a minor to bring a personal injury action on the basis of that abuse until the alleged victim reaches thirty years beyond the age of eighteen.[1] The parties in the present case agree that the plaintiff, Lawrence C. Sherman, filed his original complaint within the limitations period established by § 52-577d. The sole issue in this appeal is whether the trial court properly concluded that certain counts of the plaintiff's amended substitute complaint, which was filed after the limitations period had expired, did not relate back to the original complaint. The plaintiff appeals[2] from the trial court's summary judgment rendered in favor of the defendant James Ellis,[3] on counts two, four and

---

[1] General Statutes § 52-577d provides: "Notwithstanding the provisions of section 52-577, no action to recover damages for personal injury to a minor, including emotional distress, caused by sexual abuse, sexual exploitation or sexual assault may be brought by such person later than thirty years from the date such person attains the age of majority."

[2] The plaintiff appealed from the judgment of the trial court to the Appellate Court and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

[3] In addition to Ellis, the complaint named Eugene C. Ronco and the board of education of the town of West Hartford (board) as defendants. The plaintiff subsequently withdrew his claim against the board, and the trial court granted the plaintiff's motion for default judgment against Ronco for failure to appear on June 5, 2006. We refer to Ellis, Ronco and the board collectively as the defendants and individually by name where necessary.

seven of the plaintiff's amended substitute complaint.[4] The plaintiff claims that the trial court improperly concluded that the relation back doctrine did not apply to the subject counts and that those counts were therefore barred by the limitations period set by § 52-577d. We conclude that the trial court properly declined to apply the relation back doctrine to the subject counts.

The record reveals the following procedural history. The plaintiff initiated this action by serving the original, nine count complaint on the defendants on December 1, 2005, three days before he turned forty-eight years old and when the limitations period under § 52-577d expired. The complaint alleged that beginning in 1972, when the plaintiff was a student at King Philip Junior High School (King Philip)[5] in the town of West Hartford, the named defendant, Eugene C. Ronco, who was a teacher at King Philip during the relevant time period, through intimidation and coercion, subjected the plaintiff to inappropriate sexual contact.[6] The plaintiff alleged that as a result of Ronco's actions he has suffered serious emotional and psychological injuries. The complaint brought various counts against Ronco and/ or the board sounding in negligence, assault and battery, negligent and intentional infliction of emotional dis-

---

[4] Although the plaintiff's preliminary statement of the issues on appeal indicated that he also appealed from the trial court's summary judgment in favor of Ellis on count ten of the amended substitute complaint, the plaintiff concedes in his brief that the allegations in count ten, which allege that Ellis committed actions that constituted a direct assault and battery of the plaintiff, rely on new and different facts not asserted in the original complaint and that the relation back doctrine did not apply to that count. Therefore, the plaintiff does not appeal from the grant of summary judgment in favor of Ellis as to count ten.

[5] King Philip is currently known as King Philip Middle School.

[6] Specifically, the plaintiff alleged that Ronco kissed him, touched his genitals, required the plaintiff to touch Ronco's genitals, performed fellatio on the plaintiff and required the plaintiff to perform fellatio on Ronco and rubbed against the plaintiff while both were nude with the purpose of sexually arousing himself and the plaintiff.

tress, and derivative liability. The seventh count of the complaint, which was the only substantive count brought against Ellis, a former principal of King Philip, alleged negligent supervision, both as to Ellis and the board, arising from various alleged failures to supervise and investigate Ronco's relationship with the plaintiff. The ninth count sought indemnification against all three defendants. On June 13, 2006, the trial court granted the motion to strike filed by Ellis and the board as to all of the counts against them. As to count seven, the court concluded that the action was barred by the doctrine of governmental immunity and that the identifiable person-imminent harm exception did not apply.

The plaintiff filed a substitute complaint in twenty-two counts on June 20, 2006, after the statute of limitations had expired. With respect to Ronco and the board, the substitute complaint did not differ significantly from the original complaint, alleging intentional, reckless and negligent assault and battery, intentional and negligent infliction of emotional distress, negligence, negligent supervision and derivative liability. As to Ellis, with respect to Ronco's alleged sexual abuse of the plaintiff, the substitute complaint again alleged negligent supervision by Ellis, but also added counts alleging intentional, reckless and negligent assault and battery, intentional and negligent infliction of emotional distress and negligence, which previously had been alleged as to Ronco and/or the board, but not as to Ellis. The substitute complaint also brought an additional assault and battery count as to Ellis only, alleging that Ellis had inappropriate sexual contact with the plaintiff in the school locker room.[7] Ellis moved to strike all counts directed against him in the substitute complaint, with the exception of the two counts alleging assault and

---

[7] Specifically, count twenty of the substitute complaint alleged that, after the plaintiff emerged from the shower in the gym, and before the plaintiff had gotten dressed, Ellis grabbed the plaintiff's penis.

battery; the board moved to strike all the counts against it. The court granted the board's motion to strike in its entirety and granted Ellis' motion except as to the counts alleging reckless assault and battery and intentional infliction of emotional distress.

Subsequently, the plaintiff withdrew the action as to the board and on February 23, 2007, filed a second substitute complaint, naming only Ronco and Ellis as defendants. The plaintiff later filed an amended substitute complaint on April 9, 2007, which is the operative complaint.[8] The amended substitute complaint brought four counts against Ellis. Specifically, the second count alleged assault and battery stemming from Ronco's alleged sexual abuse of the plaintiff and the tenth count alleged assault and battery stemming from Ellis' alleged sexual abuse of the plaintiff. Both the fourth and seventh counts were predicated on Ellis' involvement with Ronco's alleged abuse of the plaintiff, and alleged reckless assault and battery and intentional infliction of emotional distress, respectively. The trial court granted Ellis' motion for summary judgment as to all four counts, concluding that the claims were barred by the limitations period in § 52-577d because those counts did not relate back to the original, timely filed complaint. This appeal followed.[9]

"Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

---

[8] The amended substitute complaint deleted the many remaining references to the "defendant board" that, apparently through inadvertence, had not already been deleted in the February, 2007 second substitute complaint, and clarified that the plaintiff was forty-seven years old when the action was commenced.

[9] The plaintiff does not appeal from the grant of summary judgment as to count ten. See footnote 4 of this opinion.

In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law. . . . On appeal, we must determine whether the legal conclusions reached by the trial court are legally and logically correct and whether they find support in the facts set out in the memorandum of decision of the trial court. . . . Our review of the trial court's decision to grant the defendant's motion for summary judgment is plenary." (Internal quotation marks omitted.) *Rainforest Cafe, Inc.* v. *Dept. of Revenue Services*, 293 Conn. 363, 371, 977 A.2d 650 (2009).[10]

---

[10] The standard of review of the question of whether an amendment to a pleading relates back is not at issue in the present case because the appeal challenges the grant of summary judgment and does not implicate the trial court's discretion to grant or to deny a request to amend a pleading. Nonetheless, we take this opportunity to clarify that the de novo standard of review is *always* the applicable standard of review for resolving whether subsequent amendments to a complaint relate back for purposes of the statute of limitations. We recognized in *Dimmock* v. *Lawrence & Memorial Hospital, Inc.*, 286 Conn. 789, 798–800, 945 A.2d 955 (2008), in which the plaintiff claimed that the trial court improperly had denied her request to amend her complaint, that some of our cases have suggested that the abuse of discretion standard applies in determining whether a trial court properly granted or denied permission to amend a complaint on the basis of the relation back doctrine. Id., 798–99, citing *Giglio* v. *Connecticut Light & Power Co.*, 180 Conn. 230, 240, 429 A.2d 486 (1980), and *Jacob* v. *Dometic Origo AB*, 100 Conn. App. 107, 110–11, 916 A.2d 872, cert. granted, 282 Conn. 922, 925 A.2d 1103 (2007) (appeal withdrawn August 7, 2007). In *Dimmock*, we acknowledged that the abuse of discretion standard of review would be consistent with the general rule that "[t]he trial court has wide discretion in granting or denying amendments before, during, or after trial." (Internal quotation marks omitted.) *Dimmock* v. *Lawrence & Memorial Hospital, Inc.*, supra, 799, quoting *Leone* v. *Knighton*, 196 Conn. 494, 496, 493 A.2d 887 (1985). We now conclude, however, that the de novo standard of review is the appropriate standard, because, as we noted in *Dimmock*, "[t]he interpretation of pleadings is always a question of law for the court and . . . our interpretation of the pleadings therefore is plenary." (Internal quotation marks omitted.) *Dimmock* v. *Lawrence & Memorial Hospital, Inc.*, supra, 799–800.

In reviewing whether the trial court properly concluded that the relation back doctrine does not apply to the amended substitute complaint, we look to our well established rules governing that doctrine. "[A] party properly may amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same. . . . If a new cause of action is alleged in an amended complaint, however, it will [speak] as of the date when it was filed. . . . A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief. . . . A right of action at law arises from the existence of a primary right in the plaintiff, and an invasion of that right by some delict on the part of the defendant. The facts which establish the existence of that right and that delict constitute the cause of action. . . . A change in, or an addition to, a ground of negligence or an act of negligence arising out of the single group of facts which was originally claimed to have brought about the unlawful injury to the plaintiff does not change the cause of action. . . . It is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same, but [when] an entirely new and different factual situation is presented, a new and different cause of action is stated." (Citations omitted; internal quotation marks omitted.) *Wagner* v. *Clark Equipment Co.*, 259 Conn. 114, 129–30, 788 A.2d 83 (2002).

"We have previously recognized that our relation back doctrine is akin to rule 15 (c) of the Federal Rules of Civil Procedure, which provides in pertinent part . . . [w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in

the original pleading, the amendment relates back to the date of the original pleading. . . . The policy behind rule 15 (c) is that a party, once notified of litigation based upon a particular transaction or occurrence, has been provided with all the notice that statutes of limitations are intended to afford." (Citations omitted; internal quotation marks omitted.) *Gurliacci* v. *Mayer*, 218 Conn. 531, 547, 590 A.2d 914 (1991); see also 3 J. Moore, Moore's Federal Practice (3d Ed. 2009) § 15.02 [2].

To summarize, in determining whether the relation back doctrine applies to an amended pleading, we inquire whether the amendment expands or amplifies the original facts alleged in support of a cause of action, or whether the amendment presents a new and different factual situation that would require the presentation of different evidence. See, e.g., *Dimmock* v. *Lawrence & Memorial Hospital, Inc.*, 286 Conn. 789, 808–809, 945 A.2d 955 (2008) (trial court properly denied request to amend complaint where original complaint alleged various departures from applicable standard of care in performing plaintiff's back surgery, and proposed amended complaint alleged that defendant should not have performed surgery because proposed amendment would have required presentation of different evidence); see also *Alswanger* v. *Smego*, 257 Conn. 58, 67, 776 A.2d 444 (2001) (trial court properly concluded that allegations regarding informed consent in amended complaint did not relate back to original complaint where defendants would have been required "to gather different facts, evidence and witnesses to defend the amended claim" [internal quotation marks omitted]). This particular focus is guided by the policy reasons underlying the relation back doctrine—namely, ensuring that parties receive fair notice while at the same time allowing parties who have complied with the applicable statute of limitations the benefit of expanding upon

existing claims. Our analysis, therefore, necessarily compares the allegations in the original complaint to those in the amended substitute complaint.

The allegations in the original complaint relating to Ellis are consistent with the fact that the fundamental count brought against him, count seven, sounds in negligent supervision. The first count of the complaint, which alleges assault and battery as to Ronco, alludes briefly and generally to the fact that Ellis recommended that the plaintiff receive tutoring from Ronco. The other factual allegations regarding Ellis' involvement appear in count seven,[11] which relies on Ellis' position as principal of King Philip, and alleges that he knew or should have known that Ronco was abusing the plaintiff and that he failed to use reasonable care in supervising Ronco. It also alleges that Ellis negligently hired Ronco, despite the fact that he knew or should have known that Ronco posed a danger to students. It further alleges that Ellis negligently failed to investigate the plaintiff's relationship with Ronco, despite the fact that it was commonly known among students and/or faculty that: (1) Ronco had unusual relationships with and spent a lot of time with students, including the plaintiff; (2) Ronco had an unnatural interest in adolescent boys; and (3) written accusations had been sent to supervisors within the West Hartford public school system stating that Ronco was having an affair with the plaintiff. Count seven also alleges that Ellis negligently failed to warn the plaintiff of the danger that Ronco presented, and that Ellis failed to report suspected child abuse to the proper authorities in violation of General Statutes §§ 17a-101 and 17a-103.[12]

[11] Count nine, entitled "Indemnification," was brought against all three defendants and merely alleges that Ellis was acting in the course of his employment.

[12] General Statutes § 17a-101 establishes mandatory reporting "of suspected child abuse, investigation of such reports by a social agency, and provision of services, where needed, to such child and family" and identifies school principals as mandatory reporters.

The amended substitute complaint brings three counts against Ellis in connection with Ronco's alleged sexual abuse of the plaintiff, sounding in assault and battery, reckless assault and battery and intentional infliction of emotional distress.[13] The first count of the amended substitute complaint alleges the following facts that were not set forth in the original complaint. Before the plaintiff began attending King Philip, Ellis encouraged him to transfer to King Philip for the ninth grade, even though the plaintiff did not live in that school district. In order to accomplish the transfer, Ellis assisted the plaintiff in falsifying his address and in enrolling at King Philip. He also encouraged the plaintiff to participate in school sports activities and introduced the plaintiff to Ronco, whom he recommended as someone who could assist the plaintiff with participation in sports activities and who could provide private tutoring. At that time, Ellis knew that the plaintiff lived in a troubled home and was vulnerable, and he also knew or should have known that Ronco was a sexual predator. Ellis' actions in encouraging the plaintiff to be in such frequent and unsupervised contact with Ronco were wilful and malicious. These allegations form the factual basis for the plaintiff's claims in counts two, four and seven, alleging assault and battery, reckless assault and battery and intentional infliction of emotional distress as to Ellis.

Even a cursory comparison of the facts alleged in the two complaints reveals that the amended substitute

General Statutes § 17a-103 allows a mandatory reporter "acting outside his professional capacity and any other person having reasonable cause to suspect or believe that any child under the age of eighteen is in danger of being abused, or has been abused" to file an oral or written report with the commissioner of children and families, and identifies applicable provisions and procedures when such a person knowingly makes a false report.

[13] Because count ten of the amended substitute complaint is not at issue in this appeal; see footnotes 4 and 9 of this opinion; we do not discuss the allegations in that count.

complaint presents a very different factual scenario than that presented in the original complaint. According to the allegations in the original complaint, the only actions taken by Ellis that give rise to liability are that he negligently hired Ronco and recommended that Ronco tutor the plaintiff when he knew or should have known that Ronco had an unnatural interest in adolescent boys and presented a danger to students. The primary focus of the original complaint, however, is on Ellis' alleged *failures* to act—that is, his failure to warn the plaintiff, to investigate the nature of Ronco's relationship with the plaintiff or to report suspected abuse to the authorities—despite the fact that Ellis knew or should have known that Ronco was abusing the plaintiff. In other words, the original complaint relies on Ellis' position as principal of King Philip and claims that, as the person in charge of running the school, he either knew or should have known that Ronco was abusing the plaintiff and he had a duty to protect the plaintiff, which he failed to do. Even the actions ascribed to Ellis in the original complaint—hiring Ronco and recommending him to the plaintiff as a tutor—paint a picture of a principal who should have recognized a predator and taken appropriate action to protect the plaintiff, but who was negligent in his failure to do so.

The amended substitute complaint, by comparison, paints a very different picture of the events giving rise to the plaintiff's action against Ellis. In the new scenario, Ellis is depicted not merely as a principal who negligently failed to recognize and take action against a teacher who was sexually abusing the plaintiff, but as a cohort who actively and knowingly sought out the plaintiff because he was vulnerable, lured him to the school—even going so far as to assist the plaintiff in falsifying his address in order to accomplish the transfer—and wilfully and maliciously placed him in the dangerous position of being in unsupervised and fre-

quent contact with a sexual predator. The amended substitute complaint would require Ellis to present new and different evidence to disprove not only a claim that he failed to recognize what should have been obvious to him by virtue of his position as principal of King Philip, but also to disprove a claim that he intentionally and with a malicious purpose steered the plaintiff toward a sexual predator.

The present case is akin to *Keenan* v. *Yale New Haven Hospital*, 167 Conn. 284, 286, 355 A.2d 253 (1974), in which we concluded that an amended complaint sounding in assault and battery did not relate back to an original complaint sounding in negligence. In *Keenan*, the plaintiff amended the original complaint, which sounded in malpractice, to allege that the defendant surgeon had " 'assaulted the plaintiff by performing . . . [the subject surgery] without securing his informed consent.' " Id., 285. Because "[a]cts amounting to negligence and acts amounting to assault and battery, not related to lack of due care, do not constitute a single group of facts," we concluded that the amended complaint did not relate back to the original complaint. Id., 286. Similarly, in the present case, in contrast to the negligent supervision count in the original complaint, all three of the counts against Ellis in the amended substitute complaint allege intentional torts and would rely on different facts than those necessary to prove negligence, as evidenced by the difference between the factual allegations of the two complaints. Accordingly, we conclude that the trial court properly rendered summary judgment in favor of Ellis on the ground that the relation back doctrine did not apply, and, therefore, that the amended substitute complaint was time barred.

We are unpersuaded by the plaintiff's contention that the relation back doctrine applies because the amended substitute complaint stems from the same facts as those that formed the basis for the original complaint, namely,

that Ellis is liable because he referred the plaintiff to Ronco and failed to intervene to protect the plaintiff. That argument focuses on the superficial resemblance between the two complaints and glosses over the essential differences between them. The "mere fact that the new . . . allegations arose in connection with [the same event] is not sufficient to bring those allegations within the scope of [the plaintiff's] original complaint." *Dimmock* v. *Lawrence & Memorial Hospital, Inc.*, supra, 286 Conn. 808. A defense against allegations that Ellis intentionally and maliciously directed the plaintiff toward the sexual abuser is not encompassed in a cause of action that originally was premised on a claim of negligent supervision, and the interests of fair notice are not served by concluding that being apprised of a negligent supervision claim should put one on notice of a claim for assault and battery or intentional infliction of emotional distress.

The plaintiff also relies on our decision in *Gurliacci* v. *Mayer*, supra, 218 Conn. 531, for the proposition that the mere change of the plaintiff's legal theory should not preclude the application of the relation back doctrine. *Gurliacci*, however, is distinguishable from the present case. The initial, timely complaint in *Gurliacci* alleged that the defendant had negligently operated his motor vehicle while intoxicated, resulting in a car accident that caused the plaintiff's injuries. Id., 546. In response to the defendant's motion to dismiss for lack of subject matter jurisdiction on the basis of General Statutes (Rev. to 1983) § 7-465,[14] which provides immunity to

---

[14] General Statutes (Rev. to 1983) § 7-465 (a) provides in relevant part: "Any town, city or borough, notwithstanding any inconsistent provision of law, general, special or local, shall pay on behalf of any employee of such municipality . . . all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages awarded for infringement of any person's civil rights or for physical damages to person or property, except as hereinafter set forth, if the employee, at the time of the occurrence, accident, physical injury or damages complained of, was acting in the performance of his duties and within the scope of his

fellow employees who are acting within the scope of their employment, and are not acting wilfully or wantonly, the plaintiff sought to amend the complaint to add allegations that the defendant's behavior was either wilful, wanton and malicious or outside the scope of his employment. Id., 536–37, 546. The trial court granted the motion to amend, denied the motion to dismiss, and subsequently denied the defendant's motion for summary judgment, concluding that the amended complaint related back to the original complaint and was not time barred. Id., 537–38. We concluded that the trial court properly applied the relation back doctrine to the amended complaint. Id., 546.

We contrasted *Gurliacci* with *Sharp* v. *Mitchell*, 209 Conn. 59, 60, 73, 546 A.2d 846 (1988), a wrongful death action in which the plaintiffs first claimed that the defendant was liable on the basis of negligent supervision. See *Gurliacci* v. *Mayer*, supra, 218 Conn. 548–49. We concluded that the plaintiffs' subsequent amendment in *Sharp*, which alleged that "the defendant had negligently designed and constructed the underground storage area where their decedents suffocated," did not relate back to the original complaint. Id., 548, citing *Sharp* v. *Mitchell*, supra, 73. Whereas in *Sharp*, the

employment, and if such occurrence, accident, physical injury or damage was not the result of any wilful or wanton act of such employee in the discharge of such duty. *This section shall not apply to physical injury to a person caused by an employee to a fellow employee while both employees are engaged in the scope of their employment for such municipality if the employee suffering such injury or, in the case of his death, his dependent has a right to benefits or compensation under chapter 568 by reason of such injury. If an employee or, in the case of his death, his dependent has a right to benefits or compensation under chapter 568 by reason of injury or death caused by the negligence or wrong of a fellow employee while both employees are engaged in the scope of their employment for such municipality, such employee or, in the case of his death, his dependent shall have no cause of action against such fellow employee to recover damages for such injury or death unless such wrong was wilful and malicious. . . .*" (Emphasis added.)

change from negligent supervision to negligent design and construction would require the defendant "to gather different facts, evidence and witnesses to defend the amended claim"; *Gurliacci* v. *Mayer*, supra, 549; the new allegations in *Gurliacci* "did not inject two different sets of circumstances and depend on different facts . . . but rather amplified and expanded upon the previous allegations by setting forth alternate theories of liability." (Citation omitted; internal quotation marks omitted.) Id. The contrast between *Gurliacci*, on the one hand, and *Sharp* and *Keenan*, on the other hand, provides useful guidance as to when an amendment that adds an alternate theory of liability may relate back to an earlier, timely complaint. If the alternate theory of liability may be supported by the original factual allegations, then the mere fact that the amendment adds a new theory of liability is not a bar to the application of the relation back doctrine. See id. If, however, the new theory of liability is not supported by the original factual allegations of the earlier, timely complaint, and would require the presentation of new and different evidence, the amendment does not relate back. See *Sharp* v. *Mitchell*, supra, 73; *Keenan* v. *Yale New Haven Hospital*, supra, 167 Conn. 286.

Applying that principle to the present case, it is apparent that this case is analogous to *Sharp*, and not to *Gurliacci*. As we already have explained in this opinion, the allegations in the amended substitute complaint depend on different facts from those alleged in the original complaint, as reflected by the plaintiff's addition of new and different facts to support the new allegations of assault and battery and intentional infliction of emotional distress. Because the new theories of liability asserted in the amended substitute complaint would not have been supported by the factual allegations set forth in the original complaint, the relation back doctrine does not apply to the amended substitute com-

plaint, and those counts are barred by the limitations period established by § 52-577d. As a result, we conclude that the trial court properly rendered summary judgment in favor of Ellis.

The judgment is affirmed.

In this opinion the other justices concurred.