******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ROBINSON, J., concurring. I reluctantly agree with the majority's decision to affirm the judgment of the Appellate Court holding that the trial court improperly denied the request of the plaintiff Donald Briere[1] to amend his complaint to substitute a theory of medical malpractice premised on the negligent use of a retractor blade, for the originally pleaded theory of negligent use of a skull clamp during surgery. *Briere* v. *Greater Hartford Orthopedic Group, P.C.*, 158 Conn. App. 66, 75–78, 83–84, 118 A.3d 596 (2015). My reluctance is based on my concern that amendments late in the litigation process may well have the effect of unfairly changing the theory of the case to the detriment of the defendants in the present case, David Kruger, an orthopedic surgeon, and the Greater Hartford Orthopedic Group, P.C. Nevertheless, I am constrained to conclude that the majority's reasoning is consistent with our past case law applying the relation back doctrine generally and, in particular, *Dimmock* v. *Lawrence & Memorial Hospital, Inc.*, 286 Conn. 789, 805–806, 945 A.2d 955 (2008), *Alswanger* v. *Smego*, 257 Conn. 58, 67–68, 776 A.2d 444 (2001), and *Gurliacci* v. *Mayer*, 218 Conn. 531, 547–49, 590 A.2d 914 (1991).

I write separately, however, to address the standard of review under which an appellate court evaluates a trial court's application of the relation back doctrine, particularly in light of the analytical framework articulated by the majority. The majority quotes *Sherman* v. *Ronco*, 294 Conn. 548, 554 n.10, 985 A.2d 1042 (2010), for the proposition that "[t]he de novo standard of review is *always* the applicable standard of review for resolving whether subsequent amendments to a complaint relate back for purposes of the statute of limitations." (Emphasis in original.) This statement of the standard of review appears to resolve, in a summary manner, what had been an unsettled point of law prior to the present case, *Sherman* notwithstanding.[2] See *Austin-Casares* v. *Safeco Ins. Co. of America*, 310 Conn. 640, 660 n.15, 81 A.3d 200 (2013); *Grenier* v. *Commissioner of Transportation*, 306 Conn. 523, 559, 51 A.3d 367 (2012). I suggest, however, that the relation back analysis articulated by the majority may require the trial court to consider factors that go beyond the face of the pleadings. This would call for the application of a more deferential standard of review than the de novo standard articulated in *Sherman* and adopted by the majority. Accordingly, I write separately to expand on the proper standard of appellate review.

Prior to *Sherman*, there had been an apparent conflict in this court's case law about whether the abuse of discretion or plenary standards of review applied to

the trial court's relation back inquiry. Compare *Dimmock* v. *Lawrence & Memorial Hospital, Inc.*, supra, 286 Conn. 799 (discussing conflict in detail and noting that most decisions "[suggest] a de novo review" because they involved comparison of pleadings and did not state specific standard of review), with *Giglio* v. *Connecticut Light & Power Co.*, 180 Conn. 230, 240, 429 A.2d 486 (1980) (suggesting that abuse of discretion standard applies to relation back inquiry). In *Dimmock*, we observed that "[a]n abuse of discretion standard would be consistent with the general rule that [t]he trial court has wide discretion in granting or denying amendments before, during, or after trial." (Internal quotation marks omitted.) *Dimmock* v. *Lawrence & Memorial Hospital, Inc.*, supra, 799. We then posited that, "[o]n the other hand, a de novo standard would be more consistent with the oft stated rule that [t]he interpretation of pleadings is always a question of law for the court and that our interpretation of the pleadings therefore is plenary." (Internal quotation marks omitted.) Id., 799–800. We also noted that "[t]he majority of federal courts appl[y] a de novo standard to their relation back rule . . . and their relation back rule is akin to our doctrine." (Citations omitted.) Id., 800. Ultimately, we declined to resolve this question in *Dimmock*, because the appellant in that case could not "prevail even under de novo review." Id.

Two years later, in *Sherman*, we observed that the relation back standard of review was "not at issue" in that case, but used dictum in a footnote "to clarify that the de novo standard of review is *always* the applicable standard of review for resolving whether subsequent amendments to a complaint relate back for purposes of the statute of limitations." (Emphasis in original.) *Sherman* v. *Ronco*, supra, 294 Conn. 554 n.10. We cited *Dimmock* v. *Lawrence & Memorial Hospital, Inc.*, supra, 286 Conn. 799–800, for the proposition that "[t]he interpretation of pleadings is always a question of law for the court . . . ." (Internal quotation marks omitted.) *Sherman* v. *Ronco*, supra, 554 n.10. The dictum in *Sherman* did not settle this matter, though, as our subsequent decisions indicate, consistent with *Dimmock* v. *Lawrence & Memorial Hospital, Inc.*, supra, 799–800, that the question is still open, although they declined to decide the question as not outcome determinative.[3] See *Austin-Casares* v. *Safeco Ins. Co. of America*, supra, 310 Conn. 660 n.15; *Grenier* v. *Commissioner of Transportation*, supra, 306 Conn. 559.

I do not believe that the majority's citation to our dictum in *Sherman*, without further qualification or elaboration, should be the final word on this issue. I submit that additional clarification is required given the case sensitive analysis articulated by the majority to help guide the trial court's relation back inquiries. To the extent that the majority's analysis requires us to compare the original and proposed pleadings in order

to determine whether the specific allegations underlying the new cause of action "pertain to a specific transaction or occurrence between the parties that was identified in the original complaint," I agree that this interpretation of the pleadings presents a question of law over which our review is plenary.

The majority's analysis does not, however, stop there. The majority also requires the trial court to "determine whether the new allegations support and amplify the original cause of action or state a new cause of action entirely. Relevant factors for this inquiry include, but are not limited to, whether the original and the new allegations involve the same actor or actors, allege events that occurred during the same period of time, occurred at the same location, resulted in the same injury, allege substantially similar types of behavior, and require the same types of evidence and experts." I believe that these factors, which require consideration of the unique "types of evidence and experts" present in the case, call for a more deferential appellate review. Insofar as this portion of the majority's approach implicates the fairness of the proposed amendment to the parties, I believe that our appellate courts should review trial court decisions applying it for the abuse of discretion. Thus, I emphasize that, beyond simply determining whether the allegations relate back as a question of interpreting the pleadings, courts should be cognizant that our "liberality [in permitting amendments to the pleadings] has limitations. Amendments should be made seasonably. Factors to be considered in passing on a motion to amend are the length of the delay, fairness to the opposing parties and the negligence, if any, of the party offering the amendment. . . . The motion to amend is addressed to the trial court's discretion which may be exercised to restrain the amendment of pleadings so far as necessary to prevent unreasonable delay of the trial. . . . Whether to allow an amendment is a matter left to the sound discretion of the trial court." (Internal quotation marks omitted.) *Dow & Condon, Inc.* v. *Brookfield Development Corp.*, 266 Conn. 572, 583, 833 A.2d 908 (2003); see also, e.g., *Motzer* v. *Haberli*, 300 Conn. 733, 747, 15 A.3d 1084 (2011); *AirKaman, Inc.* v. *Groppo*, 221 Conn. 751, 766–67, 607 A.2d 410 (1992).

These concerns of prejudice and delay are just as salient in the context of those aspects of the relation back analysis that concern the nature of the proof and fairness to the parties. Thus, I recognize that, "[i]n exercising its discretion in granting or denying a request to amend a complaint during or after trial, the trial court has its unique vantage point in part because it is interpreting the plaintiff's allegations not in a vacuum, but in the context of the development of the proceedings and the parties' understanding of the meaning of those allegations. Similarly, prior to trial, in light of discovery, pretrial motions or conferences, a trial court may have

a different context for the allegations than what is evident to an appellate court." *Dimmock* v. *Lawrence & Memorial Hospital, Inc.*, supra, 286 Conn. 799 n.4.

Particularly given the holistic approach articulated by the majority, this more nuanced approach to the standard of review in relation back cases is consistent with that of the United States Court of Appeals for the Second Circuit, which, in resolving an apparent conflict in its case law on this point, elected to engage in plenary review of the district courts' relation back determinations under rule 15 (c) (2) of the Federal Rules of Civil Procedure. See *Slayton* v. *American Express Co.*, 460 F.3d 215, 226–28 (2d Cir. 2006). In choosing de novo review, the Second Circuit described the relation back inquiry as a question of law involving the interpretation of the pleadings, akin to determining whether a complaint is subject to dismissal for failure to state a claim for which relief could be granted. Id., 227. The court then contrasted the relation back determination with other amendment decisions that would remain subject to review for abuse of discretion because they involve fairness considerations, such as decisions to add a party under rule 15 (c) (3).[4] See id. Significantly, the court emphasized that "whether to allow amendment . . . and whether an amended complaint relates back . . . are often closely related issues. A court may deny leave to amend based wholly or partially on its belief that any amendment would not relate back. . . . If the district court committed an error of law in its relation back analysis and denied leave to amend on that basis, we would reverse for abuse of discretion. . . . Nevertheless, the standards of review for these types of decisions are distinct." (Citations omitted.) Id., 226 n.11.

In the present case, I do not view the defendants' claims on appeal as implicating any discretionary aspects of the relation back analysis articulated by the majority. Specifically, the defendants do not argue in their brief that the timing of the proposed amendment, or the nature of the proof required to support the retractor theory, supported the trial court's exercise of its discretion to deny the amendment proposed by the plaintiff. Accordingly, I believe that the majority properly analyzes this pleadings based appeal as a pure question of law.

I, therefore, concur in the majority's decision to affirm the judgment of the Appellate Court.

[1] I note that Donald Briere's wife, Nancy Briere, is also a plaintiff in the present action. See footnote 2 of the majority opinion. For the sake of simplicity, however, I refer to Donald Briere as the plaintiff.

[2] Although the parties agree that the de novo standard of review applies, the defendants alert us to the potential conflict in our case law. The defendants argue that they would prevail even if we examine the trial court's denial of the plaintiff's motion to amend de novo, rather than under the abuse of discretion standard, which is more advantageous to them.

[3] I note that the Appellate Court has followed the plenary standard announced by the dictum in *Sherman* "absent some further clarification" from this court. *DiMiceli* v. *Cheshire*, 162 Conn. App. 216, 233–34 and n.9, 131 A.3d 771 (2016); see also *Briere* v. *Greater Hartford Orthopedic Group*,

*P.C.*, supra, 158 Conn. App. 74.

⁴ The Second Circuit emphasized that abuse of discretion review is suitable for cases involving "equitable considerations of matters specific to the conduct of the particular action" because "[i]n such matters, a district court has a comparative advantage over an appellate court. A district court has a familiarity with the whole case and a refined sense of the legitimate needs of the parties, and is therefore better able than an appellate tribunal to choose among multiple reasonable but incompatible results." *Slayton* v. *American Express Co.*, supra, 460 F.3d 227.

———————————————