MRS. D. C. EVANS *v.* BYROLLY TRANSPORTATION COMPANY.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, JS.

Argued January 6th—decided February 1st, 1938.

*Harry M. Albert,* with whom was *Michael V. Blansfield,* for the appellant (plaintiff).

*Martin E. Gormley,* with whom, on the brief, was *Adrian W. Maher,* for the appellee (defendant).

JENNINGS, J. The plaintiff appeals from the denial of her motion to set aside the verdict for the defendant and from the judgment, alleging error in the charge, in refusing to include in the finding certain claims of proof and in denying her motion to amend the complaint. No evidence is printed and the appeal from the denial of the motion to set aside the verdict is therefore not pursued. The principal question in the case concerns the ruling on the amendment.

The allegations of the complaint were that, as the truck was proceeding up Southington Mountain it became "stalled or stopped and remained stationary" upon the traveled portion of the highway; that the car in which the plaintiff was riding ran into the rear of the truck because of the negligence of its driver "in allowing said truck to remain stationary on the highway without lights;" that the operator was negligent in that he "operated and maintained" the truck "without lights" in the rear; that "stopping and parking" it on the traveled portion of the highway constituted a dangerous obstruction; and that "the maintenance" of the truck on the highway without flares, lanterns or signals of any kind or without moving it off the trav-

eled portion of the highway onto the shoulder consti-
tuted a nuisance. The plaintiff's claims of proof as
stated in the finding, as well as her requests to charge,
show that the case was tried by her on the theory that
the truck was stationary on the highway. The de-
fendant's claims of proof indicate that the truck was
moving at the time of the collision. The finding
clearly shows that the basic question of fact in issue
was whether the truck was moving or stationary. The
jury in their answer to interrogatories found that the
truck was in motion at the time of the collision.

After the evidence was closed and the arguments
had been completed, the trial court inquired of coun-
sel for the plaintiff whether he claimed the truck was
stationary or moving, stating that in the argument
only one "desultory mention" had been made of the
claim that the truck was in motion. In reply, counsel
for the plaintiff, while claiming that the wording of
the complaint was broad enough to apply to a moving
truck, requested permission to amend the complaint
by the insertion of the words "or at very slow speed."
Counsel for the defendant objected to the allowance
of the amendment on the ground that the plaintiff
had early notice that the claim that the truck was
moving would be made and because the request came
too late and stated that if permission to amend was
granted, he wanted to comment to the jury thereon.
Counsel for the plaintiff objected to any comment by
counsel for the defendant. Thereupon the court de-
nied permission to file the amendment on the ground
that the request came too late under the circum-
stances, pointing out that the arguments were com-
pleted and that the claim that the car was in motion
had not been argued by the plaintiff.

Amendments are freely allowed by statute, General
Statutes, §§ 5541-5550; by rule, Practice Book, § 96,

and by practice, *Clayton* v. *Clayton*, 115 Conn. 683, 685, 163 Atl. 458. "The action of the court in permitting amendments is discretionary and can be reviewed only when the discretion has been abused." *Masi* v. *General Ice Cream Corp.*, 120 Conn. 259, 264, 180 Atl. 455. The same is true of action disallowing amendments. *Bristol* v. *Pitchard*, 81 Conn. 451, 453, 71 Atl. 558; *Shelinsky* v. *Foster*, 87 Conn. 90, 94, 87 Atl. 35; *Perdue* v. *Zoning Board of Appeals*, 118 Conn. 174, 180, 171 Atl. 26. Amendments should be made seasonably. *Mazziotti* v. *DiMartino*, 103 Conn. 491, 492, 130 Atl. 844.

The case has been tried on a theory diametrically opposed to that offered in the amendment. The finding shows that the evidence and argument of the plaintiff were directed to prove that the truck was stationary. The case was ready for the charge. Counsel for the plaintiff refused to consent to further argument by the defendant. Under these circumstances we cannot say that the court abused its discretion in disallowing the amendment.

The plaintiff claims that the complaint as drawn can be interpreted to mean that the truck was in motion at the time of the collision. Many definitions of "operate" and "maintain" have been culled from the cases and the dictionaries to substantiate her claim. Most common words are used in different senses according to the context in which they appear. *State* v. *Ferrone*, 97 Conn. 258, 263, 113 Atl. 452. The wording of the complaint and the procedure thereunder by the plaintiff have irrefutably placed her own interpretation on those words. That interpretation is that the truck was stationary at the time of the collision and that that fact was the cause of the accident.

The assignments of error addressed to the charge all relate back to the interpretation of the complaint.

The interpretation of the complaint by the court, as has been shown, was correct. It follows that proof by the plaintiff that the truck was stationary was a necessary condition to her recovery and that the court was right in so informing the jury. *Epstein v. Blumenthal & Co., Inc.*, 114 Conn. 195, 199, 158 Atl. 234. Since the claim of nuisance was predicated upon the theory that the truck was stationary and since the jury found affirmatively that it was moving, it is unnecessary to discuss the assignments of error directed to the charge on nuisance.

There is no error.

In this opinion the other judges concurred.