LOUIS ANTONOFSKY *v.* SAMUEL GOLDBERG ET AL.

WYNNE, C. J., BALDWIN, DALY, KING and MURPHY, Js.

Argued October 9—decided November 12, 1957

*Bertrand Quinto,* with whom, on the brief, were *Morton E. Cole* and *Cyril Cole,* for the appellant (plaintiff).

*Walter J. Sullivan,* with whom, on the brief, was *Robert E. Courtney, Jr.,* for the appellee (named defendant).

*Frank DeNezzo,* for the appellee (defendant Gardner).

BALDWIN, J. The complaint alleged in substance a rear-end collision at a street intersection between the automobile of the defendant Goldberg, in which the plaintiff was a passenger, and that of the de-

fendant Gardner, which was following the Goldberg car. It charged that the collision was the result of the negligence and carelessness of both defendants and specified the particular negligent acts of each. At the trial, the plaintiff testified that Goldberg, after starting up when the traffic light at the intersection turned green, "went maybe fifteen, twenty, twenty-five feet, and all of a sudden slammed the brakes and made a sudden stop, and then I fell off the seat, and that is the time when I hurt myself." When he was asked if he knew that the Gardner car struck the rear of the Goldberg car, he answered, "After I fell off he smashed the rear. I fell off when he slammed his brakes." When he was questioned further on whether the incident occurred as a result of the sudden stopping of the car, he answered, "That's right, sir." He repeated this testimony, and it was corroborated by his wife, who was also a passenger in the Goldberg car. In answer to a question why he had sued the defendant Gardner, the plaintiff said that he did not know that he had sued Gardner. At this point Goldberg moved that the testimony of the plaintiff concerning the manner in which he was injured be stricken as not within the allegations of the complaint. The court excused the jury and then asked the plaintiff when he first learned that suit had been brought against Gardner. The plaintiff replied, "I still don't know—until just now." The court suggested that not all the testimony in the case had been received, and Goldberg withdrew his motion.

At the conclusion of the evidence, each defendant moved for a directed verdict in his favor. The court having indicated that it would grant the motions, the plaintiff asked permission to file two amendments to his complaint so that it would conform to

the proof offered. The court refused and directed a verdict for the defendants. Error is assigned in the denial of permission to amend and in the refusal to set aside the directed verdicts.

The allowance of an amendment to a complaint more than thirty days after the return day or fifteen days after a demurrer has been sustained rests in the discretion of the court. Practice Book §§ 92, 93; *Cook* v. *Lawlor,* 139 Conn. 68, 71, 90 A.2d 164, and cases cited. When there is a material variance between allegations and proof, an amendment may be permitted at any stage of the trial. Practice Book § 95. The trial court's action is discretionary and subject to review for an abuse of discretion. *Benson* v. *Morey,* 129 Conn. 390, 391, 28 A.2d 843; *Beauton* v. *Connecticut Light & Power Co.,* 125 Conn. 76, 79, 3 A.2d 315; *Evans* v. *Byrolly Transportation Co.,* 124 Conn. 10, 13, 197 A. 758; *Mazziotti* v. *DiMartino,* 103 Conn. 491, 492, 130 A. 844. Much depends upon the particular circumstances of each case. The factors to be considered include unreasonable delay, fairness to the opposing parties, and negligence of the party offering the amendment. *Clayton* v. *Clayton,* 115 Conn. 683, 686, 163 A. 458; *Rusch* v. *Cox,* 130 Conn. 26, 32, 31 A.2d 457.

The automobile collision with which this lawsuit is concerned occurred on October 21, 1945. The writ and complaint were returned to court on the first Tuesday of February, 1946. The pleadings were closed in April, 1946. At that time the case, at least so far as the pleadings are concerned, was ready for assignment for trial. It was pretried on December 1, 1953, under the provisions of Practice Book § 144. The procedure under this section is designed, as stated in *Stanley* v. *Hartford,* 140 Conn. 643, 645, 646, 103 A.2d 147, and repeated in *Johnson* v. *Tos-*

*cano,* 144 Conn. 582, 588, 136 A.2d 341, to expedite the disposal of cases by, among other things, making it possible for amendments to the pleadings to be suggested if they are desirable or necessary. Pretrial requires, as we said in the *Johnson* case, supra, that counsel exercise good faith and due diligence in making adequate preparation for the actual disposition of the case. It is obvious that if the spirit as well as the letter of this rule had been observed by counsel for the plaintiff the present difficulty would not have arisen.

The defendants objected to any amendment because it would require further pleading and preparation on their part and would delay the trial. The decision of the question whether the allowance of an amendment will unduly delay the trial rests in the sound discretion of the trial court. *Krall Coal Co.* v. *Century Indemnity Co.,* 139 Conn. 634, 641, 96 A.2d 311. An amendment to a complaint which is offered during the trial and changes the basic facts upon which the cause of action is predicated can seriously prejudice a defendant. This is especially true in the instant case. At the time of the trial, ten years had passed since the accident. In so long a time, witnesses forget or become unavailable. Pertinent documentary evidence is misplaced or lost. The defendants were prepared to defend on an alleged state of facts on which the obvious claim would be that the negligent operation of the Goldberg car combined with the negligent operation of the Gardner car to cause a collision in which the plaintiff was injured. The proof adduced demonstrated that the plaintiff was in fact injured before the collision when he was thrown to the floor by the sudden braking of the Goldberg car. The case is very much like *Evans* v. *Byrolly Transportation*

*Co.,* 124 Conn. 10, 197 A. 758, in which an amendment was denied. Furthermore, the nature of the ruling called for is such that the vantage point of the judge presiding at the trial as compared with ours, only the printed record being before us, entitles his decision to great weight in this court. *Masi* v. *General Ice Cream Corporation,* 120 Conn. 259, 262, 180 A. 455. The trial court did not abuse its discretion in denying the motion.

While our courts have followed a liberal policy in passing upon claims of variance between pleading and proof, it is still the law that the allegations of the complaint provide the measure of recovery. The plaintiff alleged in his complaint a state of facts and asserted that they spelled out one or more specified acts of negligence which caused his injuries. He sought to recover, however, on proof of materially different facts, on which he asked that the defendants be found guilty of negligent acts not specified in his complaint. The test was whether the variance misled or prejudiced the defendants on the merits of the case. *Reciprocal Exchange* v. *Altherm, Inc.,* 142 Conn. 545, 552, 115 A.2d 460; *Malone* v. *Steinberg,* 138 Conn. 718, 721, 89 A.2d 213; *Frosch* v. *Sears, Roebuck & Co.,* 124 Conn. 300, 303, 199 A. 646; *Epstein* v. *M. Blumenthal & Co.,* 114 Conn. 195, 199, 158 A. 234. There was nothing in the complaint to put either the defendant Goldberg or the defendant Gardner fairly upon notice that the plaintiff would claim that the sole proximate cause of his injuries was the sudden braking of the Goldberg car. The trial court was correct in directing a verdict for the defendants for the reason that the plaintiff produced no evidence which would justify the jury in finding that his injuries were caused as alleged in the complaint.

The plaintiff's assignments of error addressed to the finding have no merit.

There is no error.

In this opinion the other judges concurred.