[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFFS' MOTION TO COUNT DATED APRIL 27, 1990
Plaintiffs have moved that the court's judgment after trial, dated April 19, 1990, be corrected to delete from the judgment an order that the plaintiffs return the defendants' security deposit "for the reason that there is no claim by the defendants, contained in any of their pleadings, requesting that relief" and citing as authority City of New Haven v. Mason, 17 Conn. App. 92,94-5 (1988). There is nothing on either pages 94 or 95 of that case germane to the issues in this case. In fact, both pages concern attempts by the plaintiffs to introduce new causes of action. However, page 96 of the Mason case does bear on the issue CT Page 146 in this case. Mason, id, at 96-7, held that it was error for the court to award the defendant $775.00 on his counterclaim when he had failed to request that relief in his counterclaim, nor to allege facts to support such a claim.
 It is a basic rule of pleading that the "`"allegation of a complaint provide the measure of recovery."' Antonofsky v. Goldberg, 144 Conn. 594, 599, 136 A.2d 338 (1957).'" Bushnell Plaza Development Corporation v. Fusano, (38 Conn. Sup. 683, 687 (1983)). "Any judgment, to be adequate as such, must conform to the pleadings, the issues and the progress for relief.' Verraster v. Tynen, 52 Conn. 645, 648, 211. A.2d 150 (1965)."' Brill v. Ulrey, 159 Conn. 371, 374, 269 A.2d 262 (1970).
Mason, Id. at 96.
In this action the plaintiffs in paragraph 3 of their complaint set forth their claims against the defendants for money damages. Against this claim they credited the defendants with their security deposit in the amount of $530.00. Having so plead, the plaintiffs are now precluded from claiming that the defendants can't receive their security deposit back because they haven't requested its return. By statute, Conn. Gen. Stat. 47a-21(b)(2)(d)(1) and (4), the plaintiffs had the duty to return the defendants' security deposit to them, less the value of any damages suffered by the plaintiffs, after the tenancy was terminated, within 15 days after receiving written notice of the defendants' forwarding address.
The amount of damages due the plaintiffs have been determined by the court. The plaintiffs know the defendants' address. The plaintiffs are under a duty to return the defendants' security deposit. In short, the rule of the Mason case does not apply to the facts of this action.
Though the lease required a security deposit of $825.00 and the plaintiff, Marshall Perrin, testified that the defendants had made all payments due on the lease except for late charges for two months and for rent in January 1989, and use and occupancy in February 1989 — times which the court found that the demised premises were untenable. At oral argument on this motion to correct judgment, the parties stated that the amount of the security deposit paid over $550.00, not $825.00. The judgment of this court is corrected and the figure on page 6 and 7 of this memorandum of decision is changed from $825.00 to $550.00. That being so, the total judgment figure is changed from $770.96 to $495.96. CT Page 147
JOSEPH B. CLARK, JUDGE