******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

LUZ MARINA GONZALES *v.* ROBERT
LANGDON ET AL.
(AC 37090)

DiPentima, C. J., and Gruendel and Prescott, Js.

*Argued September 24—officially released December 1, 2015*

(Appeal from Superior Court, judicial district of New
Haven, B. Fischer, J.)

*Stephen M. Reck*, for the appellant (plaintiff).

*Michael R. McPherson*, for the appellees
(defendants).

*Opinion*

PRESCOTT, J. This appeal arises out of a medical malpractice action brought by the plaintiff, Luz Marina Gonzales, against the defendants, Robert Langdon and Shoreline Dermatology, P.C., after a neck and jowl "S" facelift procedure performed by Langdon allegedly left the plaintiff permanently injured. The plaintiff appeals from the judgment of the trial court dismissing her complaint against the defendants for failure to include a legally sufficient opinion letter authored by a similar health care provider as required by General Statutes § 52-190a (a). The plaintiff claims that the court improperly granted the defendants' motion to dismiss because (1) the original opinion letter was legally sufficient, or, in the alternative, (2) (A) the court should have granted the plaintiff leave to amend her complaint, and (B) furthermore, if leave had been appropriately granted, the proposed amended opinion letter and the proposed new opinion letter attached to the amended complaint were legally sufficient.[1] We reverse the judgment of the court.

The plaintiff's original complaint, filed on January 21, 2014,[2] contained the following allegations. The plaintiff was a patient of Langdon, "a dermatologist who holds himself out as a specialist in cosmetic surgery . . . ."[3] On December 15, 2011, the plaintiff underwent a neck and jowl "S" facelift procedure, performed by Langdon at Shoreline Dermatology, P.C. During the procedure, Langdon cut the plaintiff's left facial nerves, buccal branch nerves, and zygomatic branch nerves, resulting in the plaintiff suffering facial neuropathy and deformity. The plaintiff's complaint alleged that Langdon negligently conducted the surgery and also that he departed from the standard of care by performing a procedure in which he was not properly skilled or trained.

Attached to the plaintiff's complaint was her attorney's good faith certificate of reasonable inquiry and an opinion letter. The opinion letter (original opinion letter) was authored by a board certified dermatologist, who stated that Langdon departed from the standard of care when performing the neck and jowl "S" facelift procedure by cutting the plaintiff's left buccal nerve.

On February 26, 2014, in response to the plaintiff's complaint, the defendants filed a motion to dismiss for lack of personal jurisdiction, alleging that the opinion letter was legally insufficient and contained inadequate details regarding the author's qualifications as a similar health care provider. Although the plaintiff maintained that the original opinion letter was legally sufficient, on March 11, 2014, she filed a request for leave to amend her complaint along with an exact copy of her initial complaint, an amended version of the original opinion letter (proposed amended opinion letter), and a new opinion letter authored by a board certified plastic sur-

geon (proposed new opinion letter). Although the plaintiff's request for leave to amend her complaint was filed more than thirty days from the return day, and thus, past the time to amend as of right; see General Statutes § 52-128; Practice Book § 10-59; it was filed within the applicable statute of limitations. General Statutes §§ 52-190a (b) and 52-584.

The proposed amended opinion letter authored by the board certified dermatologist stated in relevant part that the author was "board-certified by the American Board of Dermatology and perform[s] cosmetic surgical procedures. The American Board of Medical Specialties . . . does not recognize 'Cosmetic Surgery' as a board specialty. The skills needed for cosmetic surgical procedures are certified by the American Board of Dermatology."

The proposed new opinion letter, authored by a plastic surgeon certified by the American Board of Plastic Surgery, set forth the author's credentials and stated that "Langdon departed from the standard of care by cutting the [plaintiff's] buccal nerve and by performing a surgery which should not be performed by a dermatologist. This surgery is not within [Langdon's] medical specialty and should be performed by a plastic surgeon."

On May 5, 2014, the plaintiff's request for leave to amend and the defendants' motion to dismiss were argued on short calendar before Judge Brian T. Fischer.[4] During oral argument, the parties disagreed as to whether the original opinion letter, the proposed amended opinion letter, or the proposed new opinion letter should be the operative letter, and whether any of the letters were legally sufficient under § 52-190a (a). In a written memorandum of decision filed July 2, 2014, the court granted the defendants' motion to dismiss for lack of personal jurisdiction on the ground that the original opinion letter was not authored by a similar health care provider. At no point in the court's memorandum of decision did the court rule on or otherwise discuss the plaintiff's request for leave to amend her complaint, or mention the proposed amended opinion letter or the proposed new opinion letter.

On July 9, 2014, the plaintiff filed a motion to reargue, for reconsideration, and for an articulation concerning the plaintiff's request for leave to amend her complaint. The court denied the plaintiff's motion without discussion. On August 12, 2014, the plaintiff filed a motion for order regarding her request for leave to amend her complaint, to which the court never responded. This appeal followed.

I

The plaintiff first claims that the trial court improperly granted the defendants' motion to dismiss because the original opinion letter was legally sufficient pursu-

ant to § 52-190a (a). The plaintiff argues that she was only required to obtain an opinion letter authored by a board certified dermatologist because that was the only certification that was listed on Langdon's profile on the Department of Public Health's website. The defendants argue that the original opinion letter was insufficient because, on the basis of the allegations in the complaint, the plaintiff was required to obtain an opinion letter authored by a health care provider who was board certified in cosmetic surgery. We agree with the defendants that the original opinion letter was legally insufficient.

The court granted the defendants' motion to dismiss for lack of personal jurisdiction on the ground that the original opinion letter was not legally sufficient. Because the court's ultimate conclusion that it lacked personal jurisdiction is a legal conclusion, our review is plenary. *Torres* v. *Carrese*, 149 Conn. App. 596, 608, 90 A.3d 256 ("[o]ur review of a trial court's ruling on a motion to dismiss pursuant to § 52-190a is plenary"), cert. denied, 312 Conn. 912, 93 A.3d 595 (2014).

We begin our analysis by setting forth the relevant statutory provisions. Section 52-190a (a) provides in relevant part that, prior to filing a personal injury action against a health care provider, "the attorney or party filing the action or apportionment complaint [must make] a reasonable inquiry as permitted by the circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant. . . . To show the existence of such good faith, the claimant or the claimant's attorney . . . shall obtain a written and signed opinion of a similar health care provider, as defined in [General Statutes] 52-184c . . . that there appears to be evidence of medical negligence and includes a detailed basis for the formation of such opinion. . . ." Failure to attach to the complaint a legally sufficient opinion letter authored by a similar health care provider mandates dismissal because the court lacks personal jurisdiction over the defendant. General Statutes 52-190a (c); see also *Morgan* v. *Hartford Hospital*, 301 Conn. 388, 402, 21 A.3d 451 (2011).

Section 52-184c defines "similar health care provider." Pursuant to that provision, the precise definition of similar health care provider depends on whether the defendant health care provider "is certified by the appropriate American board as a specialist, is trained and experienced in a medical specialty, or holds himself out as a specialist . . . ." General Statutes 52-184c (c). Our Supreme Court has "construe[d] § 52-184c (b) as establishing the qualifications of a similar health care provider when the defendant is neither board certified nor in some way a specialist, and § 52-184c (c) as establishing those qualifications when the defendant is board certified, 'trained and experienced in a medical spe-

cialty, or holds himself out as a specialist . . . .' " *Bennett* v. *New Milford Hospital, Inc.*, 300 Conn. 1, 23, 12 A.3d 865 (2011).

If "the [plaintiff] [alleges] in his complaint that the defendant [is a specialist] . . . the opinion letter . . . ha[s] to be . . . authored by a similar health care provider as defined by § 52-184c (c)," even if the defendant health care provider is not actually board certified in that specialty. Id., 21, 23–24; see *Wilkins* v. *Connecticut Childbirth & Women's Center*, supra, 314 Conn. 730–31 ("it is appropriate to look to the allegations of the plaintiff's complaint to frame the requirements for who constitutes a similar health care provider for purposes of the good faith opinion certification"). Pursuant to subsection (c) of § 52-184c, a similar health care provider is one who "[i]s trained and experienced in the same specialty; *and* (2) is certified by the appropriate American board in the same specialty . . . ." (Emphasis added.)

Our precedent indicates that under § 52-184c (c), it is not enough that an authoring health care provider has "familiarity with or knowledge of the relevant standard of care . . . ." (Internal quotation marks omitted.) *Torres* v. *Carrese*, supra, 149 Conn. App. 610. A similar health care provider must be "trained and experienced in the same specialty" and "certified by the appropriate American board in the same specialty." General Statutes § 52-184c (c). A similar health care provider does not have to "be certified by the same board as the defendant health care provider, but rather [must be board certified in] the same specialty." *Wilkins* v. *Connecticut Childbirth & Women's Center*, supra, 314 Conn. 735. "[A] medical professional who is board certified in the same specialty but has greater training and experience, satisfies the purpose of the requirement of the opinion letter." Id., 727. For example, if the defendant is a board certified nurse-midwife, a board certified obstetrician and gynecologist is a similar health care provider, even though the board certified obstetrician and gynecologist holds a different board certification and is more qualified in obstetrics than the board certified nurse-midwife, because both health care providers have specialization in obstetrics. See id., 735.

The plaintiff claims that she was only required to obtain an opinion letter authored by a dermatologist because, in her view, Langdon is only board certified as a dermatologist. According to the plaintiff, Langdon is certified in cosmetic surgery by an inappropriate board and the only board certification that is listed on Langdon's physician profile on the Department of Public Health's website is in dermatology. On the basis of the plaintiff's complaint and the allegations therein, however, the plaintiff had admitted that Langdon "holds himself out as a specialist in cosmetic surgery." Accordingly, based on the language that she chose to employ,

the plaintiff's complaint triggered § 52-184c (c). As the court held in *Bennett*, the actual board certification of the defendant is not what matters; the appropriate similar health care provider is defined by the allegations in the complaint. On the basis of the plaintiff's complaint alone, the plaintiff was required to obtain an opinion letter authored by a health care provider trained and experienced in cosmetic surgery and certified by the appropriate American board in cosmetic surgery. Thus, we need not decide whether Langdon holds board certification from an "appropriate American board" because the plaintiff did not necessarily have to find a health care provider certified by the American Board of Cosmetic Surgery, the board by which Langdon was certified; but, she did have to obtain an opinion letter from a health care provider board certified in cosmetic surgery or in a medical specialty that includes equivalent or greater training and experience than cosmetic surgery.

We conclude that the original opinion letter is not legally sufficient pursuant to § 52-184c (c). The original opinion letter was authored by a board certified dermatologist, who did not claim to have any training or experience in cosmetic surgery, let alone a certification in plastic surgery or cosmetic surgery. Although the board certified dermatologist claimed to know the relevant standard of care and that Langdon breached that standard, this is not sufficient to meet the requirements of § 52-184c (c). See *Torres* v. *Carrese*, supra, 149 Conn. App. 610. The plaintiff was required to obtain an opinion letter authored by a health care provider with experience and training in cosmetic surgery, and with board certification in cosmetic surgery or in a specialty requiring greater training and experience. Both of these requirements are missing from the original opinion letter. Thus, the original opinion letter was legally insufficient because it did not meet the statutory prerequisites to commence the action.

## II

The plaintiff next claims that, even if the original opinion letter is legally insufficient, the court improperly granted the defendants' motion to dismiss because it first should have granted her request for leave to amend and considered the proposed amended complaint before ruling on the motion to dismiss. According to the plaintiff, had the court considered the proposed amended complaint, it would have concluded that the proposed amended opinion letter and proposed new opinion letter complied with the requirements of § 52-190a (a). Before addressing the legal sufficiency of the proposed amended opinion letter and the proposed new opinion letter, we first must consider whether a complaint alleging medical malpractice that does not include a legally sufficient opinion letter may be amended to avoid dismissal, and under what circum-

stances an amendment is permitted.

The plaintiff argues that her amended complaint should have been considered because her request for leave to amend was filed prior to the running of the statute of limitations. According to the plaintiff, if leave to amend the complaint had been granted, the proposed amended opinion letter would have been legally sufficient because the author was a board certified dermatologist with experience in cosmetic surgery, just like Langdon, and the proposed new opinion letter would have been legally sufficient because it was authored by a health care provider with even greater experience and certification than a cosmetic surgeon.

The defendants argue, as they did in their objection to the plaintiff's request for leave to amend, that because the original opinion letter was legally insufficient, there was a defect in the process, which implicates the court's personal jurisdiction over the defendants and cannot be cured by an amendment. Moreover, with respect to the proposed new opinion letter specifically, the defendants argue that, pursuant to our decision in *Votre* v. *County Obstetrics & Gynecology Group*, *P.C.*, 113 Conn. App. 569, 585, 966 A.2d 813, cert. denied, 292 Conn. 911, 973 A.2d 661 (2009), a plaintiff cannot amend a complaint to cure a defective opinion letter by obtaining a new opinion letter that did not exist at the commencement of the action. Furthermore, the defendants contend that, even if an amendment was permissible, neither the amended opinion letter nor the new opinion letter was legally sufficient because the plaintiff was required to obtain an opinion letter authored by a board certified cosmetic surgeon. We agree with the plaintiff that the court should have granted the plaintiff leave to amend the complaint but, in light of the record before us, we are unable to determine whether the proposed new opinion letter satisfies § 52-190a (a).

A

We first address the plaintiff's argument that the trial court improperly failed to grant her request for leave to amend the complaint. The defendants contend that the original opinion letter was the operative letter and that the court did not abuse its discretion by implicitly denying the plaintiff's request for leave to file an amended complaint. Although the court never explicitly ruled on the plaintiff's request for leave to amend her complaint, the defendants argue that the court, by not explicitly ruling on the request and subsequently granting the defendants' motion to dismiss, implicitly denied the plaintiff's request for leave to amend and, therefore, we should review this claim pursuant to an abuse of discretion standard. We agree with the defendants that we should infer from the court's silence that it implicitly denied the plaintiff's request for leave to amend. Presumably, the court implicitly denied the plaintiff's request for leave to amend because it believed that it

lacked the authority to do so in light of the plaintiff's failure to file a legally sufficient opinion letter when she first commenced the action. See *Ahneman* v. *Ahneman*, 243 Conn. 471, 480, 706 A.2d 960 (1998) ("[t]he trial court's decision not to consider the defendant's motions was the functional equivalent of a denial of those motions").

We begin by setting forth our standard of review. "The allowance of an amendment to a complaint more than thirty days after the return day . . . rests in the discretion of the court. . . . The trial court's action is discretionary and subject to review for an abuse of discretion. . . . Much depends upon the particular circumstances of each case. The factors to be considered include unreasonable delay, fairness to the opposing parties, and negligence of the party offering the amendment." (Citations omitted.) *Antonofsky* v. *Goldberg*, 144 Conn. 594, 597, 136 A.2d 338 (1957). "Although it is not our habit to disturb a trial court's determination of whether an amendment should be permitted, we have done so on rare occasions when allowing the ruling to stand would work an injustice to one of the parties." *Falby* v. *Zarembski*, 221 Conn. 14, 26, 602 A.2d 1 (1992). "It is the [plaintiff's] burden in this case to demonstrate that the trial court clearly abused its discretion." (Internal quotation marks omitted.) *Billy & Leo, LLC* v. *Michaelidis*, 87 Conn. App. 710, 714, 867 A.2d 119 (2005).

To determine if the court abused its discretion by failing to grant the plaintiff leave to amend the complaint, we first turn to whether, as a matter of law, a plaintiff properly may attempt to cure a legally insufficient opinion letter by amending the complaint to attach an amended opinion letter, or an entirely new opinion letter, that complies with § 52-190a (a). For the reasons that follow, we conclude that, if a plaintiff alleging medical malpractice seeks to amend his or her complaint in order to amend the original opinion letter, or to substitute a new opinion letter for the original opinion letter, the trial court (1) must permit such an amendment if the plaintiff seeks to amend as of right within thirty days of the return day and the action was brought within the statute of limitations, and (2) has discretion to permit such an amendment if the plaintiff seeks to amend within the applicable statute of limitations but more than thirty days after the return day. The court may abuse its discretion if it denies the plaintiff's request to amend despite the fact that the amendment would cure any and all defects in the original opinion letter and there is an absence of other independent reasons to deny permission for leave to amend. See, e.g., *Falby* v. *Zarembski*, supra, 221 Conn. 25–26 (abuse of discretion to deny permission for leave to amend complaint to cure mispleading if "no sound reason" for denial exists, like unfair surprise or prejudice).

At the outset, we note that our Supreme Court has not squarely addressed the issue before us. In *Bennett* v. *New Milford Hospital, Inc.*, supra, 300 Conn. 30 n.17, our Supreme Court recognized that that case did not present "an opportunity to resolve . . . [the issue of] whether amendment of the defective pleading, including the substitution of a new opinion letter for one that appears not to comply with § 52-190a (a) or one that was not filed at all, is an appropriate response to a pending motion to dismiss pursuant to § 52-190a (c) . . . ." The court specifically took note of the existence of the issue, but concluded that it was not presented by the facts in *Bennett* because the plaintiff had not moved to amend her complaint. Id. In so doing, the court recognized that there was a division in the Superior Court,[5] and that the split of authority was in large part engendered by the decision of the Appellate Court in *Votre* v. *County Obstetrics & Gynecology Group, P.C.*, supra, 113 Conn. App. 585, in which we stated: "[g]iven the fallibility existing in the legal profession . . . it is possible that a written opinion of a similar health care provider, *existing at the time of commencement of an action*, might be omitted through inadvertence. In such a scenario, it certainly may be within the discretionary power of the trial judge to permit an amendment to attach the opinion, and, in so doing, deny a pending motion to dismiss." (Emphasis added; footnote omitted.)

In our view, the discussion in *Votre* was entirely dicta because the issue of whether a plaintiff can amend his or her complaint to cure a legally inadequate opinion letter was not before this court. In *Votre*, the plaintiff did not attach any opinion letter to her original complaint, nor did she attempt to amend her complaint to subsequently add one. Id., 574–75, 584. Rather, the plaintiff in *Votre* argued that she was not required to obtain an opinion letter because she was not alleging medical malpractice. Id., 575. In dicta, we mentioned that "the purpose of § 52-190a is to require the opinion [letter by a similar health care provider] prior to commencement of an action, [and] allowing a plaintiff to obtain such opinion after the action has been brought would vitiate the statute's purpose by subjecting a defendant to a claim without the proper substantiation that the statute requires." Id., 585. We further opined that one situation in which a trial court may, in its discretion, permit an amendment to attach an opinion letter is when an opinion letter, "existing at the time of commencement of an action, [is] omitted through inadvertence." Id. If no opinion letter exists at the commencement of the action, there is no room for discretion to allow for amendment and a "plaintiff [cannot] turn back the clock and attach by amendment an opinion of a similar health care provider that did not exist at the commencement of the action." Id., 586.

The present case is distinguishable from *Votre*, which dealt with a specific set of facts, including that the plaintiff never made a good faith effort in her original complaint to attach an opinion letter, and never sought to amend her complaint with an opinion letter within the statute of limitations. In fact, the plaintiff in *Votre* never made any attempt to obtain an opinion letter. Accordingly, nothing in either *Votre* or *Bennett* prevents us from deciding the issue presented by the facts in this case.

After *Bennett*, our Supreme Court revisited § 52-190a in *Morgan* v. *Hartford Hospital*, supra, 301 Conn. 402, which held that "the failure to attach a proper written opinion letter pursuant to § 52-190a constitutes insufficient . . . process" and, therefore, "implicates personal jurisdiction." The court, in *Morgan*, however, did not address whether a defect of this nature may be cured by amendment. Although the court held that a legally sufficient opinion letter is required to establish personal jurisdiction over the defendant in a medical malpractice case, it is clear from the discussion in *Morgan* that § 52-190a is a statutory requirement that is sui generis, but, at the same time, linked to personal jurisdiction. In *Morgan*, the court discussed *Plante* v. *Charlotte Hungerford Hospital*, 300 Conn. 33, 46–47, 12 A.3d 885 (2011), which held that an opinion letter is a matter of form, not jurisdiction, under the accidental failure of suit statute. The court in *Morgan* extended the holding of *Plante*, so that although a legally sufficient opinion letter is a "matter of form"; *Morgan* v. *Hartford Hospital*, supra, 301 Conn. 400; it nevertheless "implicates personal jurisdiction." Id., 402.

Since *Morgan*, our Supreme Court has not again considered § 52-190a and how it relates to process and personal jurisdiction. Presumably, because *Morgan* holds that a legally sufficient opinion letter is part of process, General Statutes § 52-72 (a) for amending process applies, which provides: "Upon payment of taxable costs, any court shall allow a proper amendment to civil process which is for any reason defective." The defendants argue that our Supreme Court, in *New England Road, Inc.* v. *Planning & Zoning Commission*, 308 Conn. 180, 189, 61 A.3d 505 (2013), limited the applicability of § 52-72 to technical defects in process, like incorrect return days or late return of process to court, and, therefore, the plaintiff cannot seek leave to amend the complaint to cure a legally insufficient opinion letter, which is a substantive defect in process.

In *New England Road, Inc.*, the court granted the defendant's motion to dismiss a zoning appeal because the plaintiff failed to serve a citation or summons with the complaint, and, thus, the court lacked both subject matter jurisdiction and personal jurisdiction over the defendants. See id., 181–82 and n.1. The court in *New England Road, Inc.*, began its analysis by noting that

there is no absolute right of appeal from administrative agency decisions. Id., 183. General Statutes § 8-8 provides trial courts with appellate jurisdiction over administrative agency decisions, and strict compliance with the statute is required to establish both subject matter jurisdiction and personal jurisdiction. See id., 183–84. The court concluded that "§ 52-72 has applied historically only to allow cure of technical defects in the . . . process"; id., 189; and, because the plaintiff "failed to comply in any fashion [with the requirement to include a writ of summons or citation]"; (internal quotation marks omitted) id., 182–83; "the failure to serve a summons or citation [was] a substantive defect that is not amendable pursuant to § 52-72." Id., 191–92. "[Only] *technical deficiencies* in the appeal do not deprive the court of subject matter jurisdiction." (Internal quotation marks omitted; emphasis in original.) Id., 194.

*New England Road, Inc.*, is distinguishable from the facts of this case. Unlike the present case, *New England Road, Inc.*, was not a medical malpractice case, but rather was a zoning appeal, which demands strict compliance with the process requirements to establish the court's subject matter jurisdiction. Furthermore, in *New England Road, Inc.*, and the cases it cites to, the plaintiff "failed to comply in any fashion" with one or more of the process requirements; (internal quotation marks omitted) id., 191; which is distinguishable from the present case, where the plaintiff made a good faith effort in her original complaint to attach an opinion letter authored by a similar health care provider. Accordingly, nothing in *New England Road, Inc.*, prevents us from considering the issue presented by the facts in this case.

Despite *New England Road, Inc.*, our Supreme Court has not repudiated its language in *Bennett* or this court's language in *Votre* suggesting that an amendment may be permissible to cure a legally insufficient opinion letter. Although our Supreme Court in *Morgan* held that a legally insufficient opinion letter implicates the court's personal jurisdiction over the defendant, the requirement of a legally sufficient opinion letter is unique to that statute, and the court said nothing in *Morgan* to suggest that the amendment of an opinion letter is not permissible.

In light of our conclusion that there is no controlling appellate authority on the issue of whether a plaintiff in a medical malpractice action may comply with § 52-190a (a) by amending a complaint to attach an amended opinion letter or an entirely new opinion letter, we turn to a discussion of the language of the statute, the policies underlying it, and general principles of judicial economy. As we must, we begin our analysis with the language of § 52-190a (a).

Section 52-190a (a) states in relevant part that "[n]o civil action . . . shall be filed to recover damages resulting from [alleged medical practice] . . . unless

the attorney or party filing the action . . . has made a reasonable inquiry as permitted by the circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant. The complaint [or] initial pleading . . . shall contain a certificate of the attorney or party filing the action . . . that such reasonable inquiry gave rise to a good faith belief that grounds exist for an action against each named defendant . . . . To show the existence of such good faith, the claimant or the claimant's attorney . . . shall obtain a written and signed opinion of a similar health care provider, as defined in section 52-184c, which similar health care provider shall be selected pursuant to the provisions of said section, that there appears to be evidence of medical negligence and includes a detailed basis for the formation of such opinion. . . . The claimant or the claimant's attorney . . . shall attach a copy of such written opinion, with the name and signature of the similar health care provider expunged, to such certificate. . . . In addition to such written opinion, the court may consider other factors with regard to the existence of good faith. . . ."

When interpreting the language of a statute, our standard of review is plenary. *State* v. *Boyd*, 272 Conn. 72, 76, 861 A.2d 1155 (2004). "Relevant legislation and precedent guide the process of statutory interpretation. [General Statutes § 1-2z] provides that, [t]he meaning of a statute shall, in the first instance, be ascertained from the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." (Internal quotation marks omitted.) Id.

Section 52-190a (a) contains no express language prohibiting a plaintiff from amending an opinion letter after the action is commenced. The statute clearly and unambiguously states that an opinion letter must be attached to the certificate of good faith, but makes no reference as to whether the complaint may be amended to attach an amended or new opinion letter if the original opinion letter is defective. In the absence of such an explicit statutory prohibition against amending the complaint and opinion letter, we can divine no legislative intent to override the general applicability of General Statutes § 52-128[6] and Practice Book §§ 10-59[7] and 10-60.[8]

Section 52-128 and Practice Book § 10-59 allow the curing of "any defect [or] mistake" in a complaint as of right within thirty days of the return date. If an amendment is as of right, the amendment takes effect "ab initio." *Sheehan* v. *Zoning Commission*, 173 Conn. 408, 413, 378 A.2d 519 (1977); see also *Dauti* v. *Stop & Shop Supermarket Co.*, 90 Conn. App. 626, 639–40, 879 A.2d

507, cert. denied, 276 Conn. 902, 884 A.2d 1025 (2005). Practice Book § 10-60 allows a plaintiff to amend his or her complaint more than thirty days after the return day by judicial authority, written consent of the adverse party, or filing a request for leave to amend with the amendment attached. Although requests for leave to amend pursuant to § 10-60 are subject to the court's discretion, "our courts have been liberal in permitting amendments . . . ." (Internal quotation marks omitted.) *Connecticut National Bank* v. *Voog*, 233 Conn. 352, 364, 659 A.2d 172 (1995). Courts traditionally deny leave to amend only if the amendment would prejudice the defendant by causing undue delay or the amendment does not relate back to the matters pleaded in the original complaint. See id. ("[t]he motion to amend is addressed to the trial court's discretion which may be exercised to restrain the amendment of pleadings so far as necessary to prevent unreasonable delay of the trial"); *Constantine* v. *Schneider*, 49 Conn. App. 378, 390, 715 A.2d 772 (1998) ("such discretion may be exercised as to amendments that involve matters pleaded in the complaint sought to be amended"). Therefore, not only does § 52-190a not prohibit amendments, but other statutes, the Practice Book, and our case law support amendment in the absence of such a statutory prohibition.

Next we turn to the policies underlying § 52-190a (a). Our Supreme Court has concluded that the purpose of § 52-190a (a) is to prevent frivolous medical malpractice actions by "[ensuring] that there is a reasonable basis for filing a medical malpractice case under the circumstances and . . . eliminat[ing] some of the more questionable or meritless cases . . . ." (Internal quotation marks omitted.) *Bennett* v. *New Milford Hospital, Inc.*, supra, 300 Conn. 20. Although our Supreme Court in *Bennett* did not reach this issue, the court did suggest that allowing amendments would not undermine the purpose of § 52-190a (a): "[B]oth the trial lawyers and the defendant acknowledge the potential severity of the statutory dismissal remedy, and, along with an academic commentator . . . identify the free amendment of challenged opinion letters as a way to ensure compliance with § 52-190a (a) while protecting nonfrivolous, but procedurally flawed, actions from dismissal." Id., 30.

The legislative purpose of § 52-190a (a) is not undermined by allowing a plaintiff leave to amend his or her opinion letter or to substitute in a new opinion letter if the plaintiff did file, in good faith, an opinion letter with the original complaint, and later seeks to cure a defect in that letter within the statute of limitations. Amending within this time frame typically will not prejudice the defendant or unduly delay the action. The plaintiff is still required to prove that his or her claims are meritorious at the beginning of the action[9] and meritless claims can be weeded out quickly.

Allowing amendments filed after the thirty days to amend as of right but before the statute of limitations period has run favors judicial economy for the following reasons. If a medical malpractice case is dismissed for lack of a legally sufficient opinion letter, the dismissal is without prejudice, "and even if the statute of limitations has run, relief may well be available under the accidental failure of suit statute, General Statutes § 52-592." *Bennett* v. *New Milford Hospital, Inc.*, supra, 300 Conn. 31. Thus, if a plaintiff is unable to amend the original opinion letter during this time frame, the action would be dismissed without prejudice and could be filed anew, either within the statute of limitations or pursuant to the accidental failure of suit statute. Thus, an unduly restrictive reading of § 52-190a would only serve to generate multiple proceedings arising from the same case due to the unnecessary refiling of valid medical malpractice claims. Additionally, it would create further litigation regarding whether the plaintiff's action was within the ambit of the accidental failure of suit statute. See, e.g., *Plante* v. *Charlotte Hungerford Hospital*, supra, 300 Conn. 33. In our view, there is no need to require a plaintiff to file an entirely new action if an amendment can cure a defect in the initial opinion letter within a relatively short span of time after the filing of the initial complaint.[10]

Furthermore, our conclusion is consistent with the decision in at least one other state that has a statute similar to § 52-190a. For example, Nevada Revised Statutes 41A.071 is similar to § 52-190a, requiring dismissal without prejudice of medical malpractice claims if a legally sufficient affidavit of merit authored by a medical expert, who practices or who has practiced in an area "substantially similar" to that of the defendant, is not attached to the complaint. The Nevada Supreme Court, in *Borger* v. *Eighth Judicial District Court*, 120 Nev. 1021, 1029–30, 102 P.3d 600 (2004),[11] held that when there is "a legitimate dispute over whether a filed affidavit of merit complies with the statute . . . a district court, within its sounds discretion and considering the need for judicial economy, may grant leave to amend malpractice complaints supported by disputed affidavits under circumstances where justice so requires." The court's rationale for this holding was that "[the statute] contains no explicit prohibition against amendments, and . . . legislative changes in the substantive law may not unduly impinge upon the ability of the judiciary to manage litigation . . . ." Id., 1029. The same rationales apply here. Not only does § 52-190a not prohibit amendments, but judicial economy and justice support allowing amendments in cases, like this one, where a legally insufficient opinion letter in a seemingly nonfrivolous medical malpractice claim can be easily cured by amendment within a short time frame.

Accordingly, we conclude that the court was not pro-

hibited from considering whether to grant the plaintiff leave to amend the complaint to attach both the proposed amended opinion letter and the proposed new opinion letter. We also conclude that, under the circumstances of this case, the trial court abused its discretion by not permitting leave to amend because, although the plaintiff did not seek to amend as of right, she did request leave to amend her complaint within the statute of limitations and no other circumstances that would justify denying leave to amend, such as undue delay or prejudice, existed in this case.

Although great deference is given to the trial court pursuant to an abuse of discretion standard of review, this is one of the rare occasions in which not permitting the plaintiff to amend her complaint may work an injustice. The defendants in this case never argued before the trial court that the amendment did not relate back to the original complaint or that they would have been prejudiced by undue delay, and, therefore, there were no other independent reasons for the trial court to deny leave to amend. In sum, the court abused its discretion by not granting the plaintiff leave to amend her complaint with the amended opinion letter and new opinion letter.

B

Having concluded that the court should have granted the plaintiff leave to amend her complaint, we turn to the plaintiff's claim that the court improperly granted the defendants' motion to dismiss because both the proposed amended opinion letter and the proposed new opinion letter were legally sufficient. The defendants argue that an adequate opinion letter in this case must be authored by a health care provider board certified in cosmetic surgery, and, thus, neither the original opinion letter nor the proposed amended opinion letter is sufficient.[12] We agree with the defendants that the proposed amended opinion letter was legally insufficient, but we conclude that the record is inadequate to determine whether the proposed new opinion letter was legally sufficient, and we remand the case for further proceedings on that issue.

As we concluded in part I of this opinion, in the present case, for the opinion letter to be legally sufficient, it had to meet the requirements of § 52-184c (c), which required the plaintiff to obtain an opinion letter authored by a health care provider experienced and trained in cosmetic surgery, and board certified in cosmetic surgery or in a medical specialty that includes equivalent or greater training and experience in cosmetic surgery. Thus, the plaintiff did not have to find a health care provider certified by the American Board of Cosmetic Surgery, through which Langdon was certified, but she did have to obtain an opinion letter from a health care provider board certified in cosmetic surgery or in a medical specialty that includes equivalent or

greater training and experience than cosmetic surgery.

The proposed amended opinion letter clearly does not meet this requirement. Although the board certified dermatologist stated that he has performed cosmetic surgical procedures, satisfying the experience and training prong of subsection (c) of § 52-184c, he did not claim to be board certified either in cosmetic surgery or in a medical specialty that includes training and experience equivalent to or exceeding those of cosmetic surgeons. Thus, the defendants are correct that the proposed amended opinion letter is insufficient to meet the requirements of §§ 52-190a and 52-184c.

Concerning the proposed new opinion letter, the record is insufficient to determine whether it meets the requirements of § 52-184c (c). The proposed new opinion letter was authored by a board certified plastic surgeon, who has performed neck and jowl "S" facelifts. The plaintiff argues that, although the board certifications are not identical, plastic surgeons have "credentialed training" in cosmetic surgery that exceeds the training and certification of cosmetic surgeons, and, thus, under *Wilkins*, the proposed new opinion letter is sufficient. On the other hand, the defendants claimed in the trial court that, although there is some overlap between plastic surgeons and cosmetic surgeons, there are different board certifications for each discipline and the training is different. There appears to be an ongoing nationwide debate regarding the validity of the American Board of Cosmetic Surgeons and the amount of overlap between the qualifications of plastic surgeons and cosmetic surgeons. See *Fowler* v. *Capital Cities/ABC, Inc.*, United States District Court, Docket No. 3:00CV2417 (JAS), 2002 WL 31230802, *1 (N.D. Texas September 30, 2002) ("[a]pparently, there has been some public debate concerning whether cosmetic surgeons, as opposed to plastic surgeons, are qualified to perform cosmetic surgery procedures"); *Lo* v. *Lee*, 231 Ariz. 531, 532, 298 P.3d 220 (2012) ("[c]osmetic surgery is an essential component of plastic surgery" [internal quotation marks omitted]); *American Board of Cosmetic Surgery* v. *Medical Board of California*, 162 Cal. App. 4th 534, 544–45, 75 Cal. Rptr. 3d 574 (2008) (discussing the different training and experience level of plastic surgeons and cosmetic surgeons and that plastic surgeons are more trained than cosmetic surgeons).

In light of the limited record in this case, however, we decline to weigh in on this debate at this time. Because the court did not grant the plaintiff leave to amend her complaint, it did not consider the proposed new opinion letter when it granted the defendants' motion to dismiss, and, therefore, made no factual findings in its memorandum of decision regarding whether a board certified plastic surgeon has training and experience equivalent to or greater than a board certified cosmetic surgeon. In light of the limited record before

us and the inappropriateness of this court making any factual determination on the relative training of plastic surgeons and cosmetic surgeons in the first instance, we remand this case to the trial court for consideration on whether the proposed new opinion letter was legally sufficient pursuant to §§ 52-190a and 52-184c.

The judgment is reversed and the case is remanded with direction to grant the plaintiff's request for leave to amend her complaint and for further proceedings consistent with this opinion.

In this opinion the other judges concurred.

[1] The plaintiff also asserts that the court improperly denied her motion to reargue, reconsider, and articulate its decision. Because we agree in part with her second claim, we need not address this claim.

[2] On October 9, 2013, the plaintiff filed a petition for a ninety day extension of the statute of limitations pursuant to § 52-190a (b), which was subsequently granted. Thus, the plaintiff had until March 17, 2014, to initiate this action.

[3] According to the defendants' reply brief in support of their motion to dismiss, Langdon is certified in cosmetic surgery by the American Board of Cosmetic Surgery. Langdon also advertised on his website that he is certified in cosmetic surgery. The court's memorandum of decision implicitly found that Langdon is so certified.

[4] The scheduling order issued by the court indicated that oral argument concerning the defendants' objection to the plaintiff's request for leave to amend was set for April 28, 2014. Although nothing in the record explicitly states that the date for oral argument on the issue was changed, it can be inferred that both the objection to the request for leave to amend and the motion to dismiss were heard on May 5, 2014, because both issues were argued that day and no other hearing took place.

[5] Compare, e.g., *Sestito* v. *Mandara*, Superior Court, judicial district of Stamford-Norwalk, Docket No. CV-09-6002437-S (August 2, 2010) (50 Conn. L. Rptr. 462, 464–65) (granting defendant's motion to dismiss and not considering amended complaint with new opinion letter that did not exist at commencement of action on the basis of *Votre*), and *Patenaude* v. *Norwalk Hospital*, Superior Court, judicial district of Fairfield, Docket No. CV-09-5029048-S (July 19, 2010) (50 Conn. L. Rptr. 352, 354) (holding that plaintiff cannot amend complaint with amended opinion letter that clarifies already existing opinion letter when motion to dismiss pending), with *Ducharme* v. *Medical Center of Northeast Connecticut*, Superior Court, judicial district of Windham, Docket No. CV-13-6006421-S (January 6, 2014) (57 Conn. L. Rptr. 407, 412) (allowing amended opinion letter naming defendant specifically), *Avery* v. *Maxim Healthcare Services, Inc.*, Superior Court, judicial district of New Haven, Docket No. CV-12-6033069-S (June 7, 2013) (56 Conn. L. Rptr. 227, 229) (allowing amended opinion letter that only made technical changes to original opinion letter, like elaborating author's credentials), and *Dixon* v. *Med Now Family Walk-In & Industrial Medical Center*, Superior Court, judicial district of Fairfield, Docket No. CV-08-5014898-S (February 25, 2010) (49 Conn. L. Rptr. 407, 409) (allowing amended complaint with new opinion letter but only if plaintiff made good faith effort to attach reasonable opinion letter to first complaint, and if it was ambiguous as to who was responsible health care provider).

[6] General Statutes § 52-128 provides in relevant part: "The plaintiff may amend any defect, mistake or informality in the writ, complaint, declaration or petition, and insert new counts in the complaint or declaration, which might have been originally inserted therein, without costs, within the first thirty days after the return day . . . ."

[7] Practice Book § 10-59 provides: "The plaintiff may amend any defect, mistake or informality in the writ, complaint or petition and insert new counts in the complaint, which might have been originally inserted therein, without costs, during the first thirty days after the return day."

[8] Practice Book § 10-60 provides in relevant part that, more than thirty days after the return day: "[A] party may amend his or her pleadings or other parts of the record or proceedings at any time . . . by order of judicial authority . . . written consent of the adverse party; or . . . filing a request for leave to file such amendment with the amendment appended . . . ."

[9] A motion to dismiss for lack of personal jurisdiction must be filed at

the beginning of an action; see Practice Book §§ 10-6 and 10-8; otherwise any defect in personal jurisdiction is waived. See Practice Book §§ 10-30 (b) and 10-32; *Morgan* v. *Hartford Hospital*, supra, 301 Conn. 404. Thus, allowing amendments to cure a defect in the opinion letter after a defendant has filed a motion to dismiss will not unduly delay the action and still forces the plaintiff to prove that his or her claim is nonfrivolous at the beginning of the action.

[10] Our analysis is not inconsistent with our decision in *Torres* v. *Carrese*, supra, 149 Conn. App. 596, which was decided after *Votre*. In *Torres*, we noted that the trial court could not consider a new opinion letter attached to the amended complaint because it was obtained "after the action commenced, after the defendants had filed their motions to dismiss, *and after the statute of limitations had expired* . . . ." (Emphasis added.) Id., 611 n.14. Therefore, *Torres* is distinguishable from the present case and falls outside the time frame for when amending an opinion letter is allowed.

Our conclusion permitting a plaintiff to amend the complaint to add an amended or a new opinion letter is consistent with our recent warning in *Briere* v. *Greater Hartford Orthopedic Group, P.C.*, 158 Conn. App. 66, 83, 118 A.3d 596, cert. denied, 319 Conn. 910, 118 A.3d 596, cert. granted, 319 Conn. 950,      A.3d      (2015), against a "hypertechnical reading of the pleadings" in medical malpractice actions, which "present a conundrum in that there is typically unequal access to the underlying facts and conditions of the claim at the time a complaint is served. The reality in medical malpractice cases is that plaintiffs must heavily rely on the discovery process as it unfolds to flesh out their claims . . . ."

[11] Our Supreme Court, in *Bennett*, also cited to *Borger*, indicating that the Nevada statute is sufficiently similar to § 52-190a so as to warrant our consideration of judicial decisions interpreting the Nevada statute. See *Bennett* v. *New Milford Hospital, Inc.*, supra, 300 Conn. 31 n.17.

[12] The defendants make no substantive argument in their brief on appeal as to why the proposed new opinion letter is legally insufficient, but did state in their objection to the plaintiff's request for leave to amend that the new opinion letter was legally insufficient because there are different board certifications for cosmetic surgery and plastic surgery.

---